## Laughlin *v.* McConnel, Appellant.

Argued April 17, 1963. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Robert L. Orr,* with him *Reed, Ewing, Orr & Reed,* for appellant.

*Thomas C. Mannix,* with him *Whitmire & Mannix,* for appellees.

OPINION BY MONTGOMERY, J., June 12, 1963:

This is an appeal from the judgment for plaintiffs in an action of assumpsit for the recovery of hand money paid on a contract to purchase real estate. Ap-

pellees Paul H. Thomas and Ann M. Thomas, husband and wife, were interested in purchasing a home in the Borough of Rochester, Beaver County, Pennsylvania, which was listed for sale with the James S. Strouss Real Estate Agency. The owner of the said home was Sarah B. McConnel, the appellant. The agreed purchase price was $16,000 and it was to be paid in the following manner: $1,000 down payment to be given by Mr. and Mrs. Thomas; $1,800 cash payment to be made by James C. Laughlin, Jr., Mr. Thomas' employer; and the balance of $13,200 to be obtained by an FHA mortgage loan. The deed was to be from Sarah B. McConnel to James C. Laughlin, Jr. The real owners and occupiers of the premises were to be Ann M. Thomas and Paul H. Thomas.

Laughlin testified that the real estate agent Strouss, representing the appellant, promised to bring the loan papers to his office for signature. Strouss testified, on the other hand, that he understood that Mr. Laughlin wanted to procure his own mortgage through his own bank. The loan application was not delivered to Mr. Laughlin and subsequently there were a number of telephone calls from Thomas to the real estate agent by which the appellees sought to rescind the contract and demanded the return of the hand money. On March 22, 1956, Mrs. McConnel, by registered mail, demanded that Mr. and Mrs. Thomas carry out the contract.

On May 1, 1957, appellees filed a complaint demanding the return of the $1,000 hand money, and preliminary objections were filed thereto. An amended complaint was filed and preliminary objections were again entered and were overruled by the court. The case went to arbitration, resulting in an award for the appellees in the amount of $1,000. On appeal, a jury trial resulted in a verdict in favor of the appellees in the amount of $1,411.82. Prior to the entry of the verdict, the court entered a compulsory nonsuit as to James S.

Strouss, the verdict therefore being against Sarah B. McConnel. After the jury returned its verdict, appellant moved for a new trial and judgment n.o.v. These motions were overruled by the lower court, judgment was entered upon the verdict, and this appeal was taken.

The judgment to recover the purchase price was rendered on the theory that the appellant by her agent perpetrated a fraud on the appellees, which permitted the appellees to rescind the contract. The alleged fraud was that the appellant by her agent promised to obtain a loan for the appellees but did not do so. A review of the testimony shows a mere failure on the part of the seller's agent to deliver to the buyer an application for a loan or to arrange for the execution of such application. The only substantial disagreement between the testimony of Strouss and that of Laughlin is that Laughlin understood that Strouss was to process the loan. Strouss, on the other hand, understood that Laughlin wanted to deal at his own bank and that he would make the necessary application there.

Fraud must be established by clear and satisfactory evidence, as it is never presumed. *Davis v. Carbon County*, 369 Pa. 322, 85 A. 2d 862; *Pusic v. Salak*, 261 Pa. 512, 104 A. 751. A party who relies on fraud to establish a claim has the burden of proving by clear and convincing evidence the facts upon which the alleged fraud is based. *Bayout v. Bayout*, 373 Pa. 549, 96 A. 2d 876. Fraud must be proved by more than a mere preponderance of evidence. Nothing short of evidence precise, clear, and indubitable can be allowed to overturn a written instrument. *McCreary v. Edwards*, 113 Pa. Superior Ct. 151, 172 A. 166.

This rule in fraud cases that evidence must be clear, precise, and indubitable, means that witnesses must be credible, must distinctly remember the facts to which they testify, must narrate details exactly, and that evi-

dence must be of such weight as to make out facts alleged beyond a reasonable doubt, thereby enabling the jury to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue. *Gerfin v. Colonial Smelting & Refining Company, Inc.,* 374 Pa. 66, 97 A. 2d 71. The oral testimony of one witness which is uncorroborated and unsupported by any other evidence, and which is diametrically opposed by the testimony of another witness, cannot be considered evidence of such weight as to make out a case beyond a reasonable doubt. The appellees have not sustained their burden and as a matter of law the evidence presented failed to meet the standard necessary for submission of the question to the jury.

Furthermore, the alleged fraud in this case consisted solely of an unfulfilled promise by the appellant, through her agent, to do something in the future. The contention of fraud cannot be availed of where, as here, the statement relied on is merely promissory in nature. In order for a purchaser to evade an obligation on the ground that he was induced by fraud or misrepresentation to enter into a contract, it must be shown that there was a misrepresentation of a past or existing material fact. *Nissenbaum v. Farley,* 380 Pa. 257, 110 A. 2d 230; *Sellers v. Sellers,* 316 Pa. 404, 175 A. 401; *Blose v. Martens,* 173 Pa. Superior Ct. 122, 95 A. 2d 340.

We conclude that there was no evidence here to sustain a finding of fraud, nor are there any circumstances shown by the record which indicate fraud. Laughlin was fully conversant with the procedure for obtaining FHA loans. He knew exactly what had to be done to obtain a loan and admitted that he could have done it himself. He certainly was not deceived by any representation of the real estate agent. The appellees here are attempting to escape from their contractual obligations and recover their hand money by claiming what

at most was a simple misunderstanding to be fraud. This they failed to prove. They, therefore, have no defense to the written contract and are not entitled to its rescission. Had appellees seriously relied on the promise of Strouss to secure an FHA loan for them in the amount of $13,200, they could very easily have insisted that such a condition be included in the contract. Mr. Laughlin was experienced in these matters, but without such experience the other appellees should have known that the amount of all mortgages depends on the appraisal of the property which the lender makes or has made for it. This is always uncertain, and we cannot conceive from this record how appellees could have misinterpreted the promise of Strouss to process the loan for them at the bank suggested by them as a false promise to insure the procurement of a loan in that amount.

Although appellees' judgment cannot be sustained, its reversal cannot result in the entry of judgment for the appellant, Sarah B. McConnel. The complaint, as amended, contained three counts, each alleging a separate cause of action. The first and third causes, based on the theory of fraud and rescission, have been disposed of heretofore. However, the second cause is based on the theory that the appellant breached the contract by selling the property to third parties for a consideration in excess of what appellees agreed to pay.

Appellees' agreement dated September 24, 1955, discloses the consideration to be $16,000 and the date for closing December 12, 1955. The record shows that the appellant, Sarah B. McConnel, conveyed the property to Charles D. and Edith S. Henderson for $16,340 by deed dated October 8, 1955.

Although appellees' counsel elected to proceed on the first count, the court, in its opinion, states that this election was made under compulsion by the court.

The lower court erred in compelling the election: "A party pleading in the alternative cannot be required to elect upon which theory or which claim or defense he rests his case. To require him to make an election would defeat the purpose of permitting him to plead in the alternative." 2A Anderson Pennsylvania Civil Practice §1020.15. See also *Kemerer v. Johnstown Bank and Trust Company*, 120 Pa. Superior Ct. 173, 182 A. 74. Therefore, it would be unjust to foreclose appellees' right to have their case submitted to a jury on their second count, and a new trial will be awarded for that purpose.

Judgment reversed and a new trial awarded on the second alternative cause of action set forth in appellees' complaint against Sarah B. McConnel, appellant-defendant.