**Tracy v. Com. of Pennsylvania, Department of Transportation**

*John T. Dent,* for petitioner.
*Michael Creighton,* for respondent.

CICCHETTI, *P.J.*, June 19, 1981—This matter is before the court on petitioner's request for a rule to show cause why an impartial expert should not be appointed by the court.

Petitioner, Francis Tracy, in April of 1976, owned and continues to own a parcel of land in Fayette County situated at the southeast corner at the junction of L.R. 199 and L.R. 26119 upon which is erected a tavern/restaurant and six-unit motel. In April of 1976, the Department of Transportation for the Commonwealth of Pennsylvania (hereinafter referred to as PennDOT) began road construction on L.R. 119 to widen it in order to set up a standby left turn lane; and in doing so, PennDOT erected an eight inch high curb around the edge of petitioner's commercial property. Prior to this improvement, the roadway and petitioner's property were grated together allowing for a wide area in which to turn or leave the property. After construction, the ingress and egress areas, or throats, were carved from the curbing and consisted of an opening 44 feet wide on L.R. 119 and 100 feet wide on L.R. 26119. Penn-DOT did not file a declaration of take pursuant to the Eminent Domain Code and made no offer of compensation as a result of the affected use. Thereafter, on April 20, 1977, Tracy filed a petition requesting that a board of view be appointed to

assess the damage. By opinion of this court dated May 30, 1978, it was held that a de facto taking had occurred and that the board should assess the change in value to the premises which had resulted from the lack of access.

All construction and work on the PennDOT project was completed in July of 1976, and as yet, no compensation has been tendered to petitioner. The Commonwealth has offered to the condemnee an amount of zero dollars as an estimate of just compensation. This amount was determined as a product of the condemnor's appraiser in consultation with an architectural expert. Petitioner is requesting that this court appoint an impartial appraiser to estimate the amount of just compensation owed by the condemnor.

There is no dispute that a de facto taking has occurred. In accordance with the Eminent Domain Code of June 22, 1964, P.L. (Sp. Sess.) 84, as amended 26 P.S. §1-407(b), such taking requires that an offer of just compensation be tendered by the condemnor. PennDOT has estimated compensation to be a zero dollar figure. Petitioner contends that such an offer is evidence of palpable bad faith on the part of the condemnor and does not evidence a sufficient amount as an estimate of just compensation. Petitioner, however, has not provided the court with any proof of what a proper estimate would be and, therefore, comes forward with a petition alleging a bad faith offer of just compensation without any support to back up the claim. The court then must determine if a zero dollar figure in and of itself constitutes an offer of compensation and whether such an offer is an exercise of bad faith, because it effectively contravenes the holding that a de facto taking has occurred.

The leading case cited by petitioner and ad-

dressed by respondent is the case of In Re: Condemnation by City of Philadelphia of Leasehold of Airportels, Inc., 40 Pa. Commonwealth Ct. 409, 398 A. 2d 224 (1979). In that case, the city filed a declaration of estimated just compensation based on independent appraisals by qualified real estate appraisers who were engaged by the city and who recommended a zero estimation of compensation. It was their opinion that no damage had been suffered. The court, in examining the motives behind the city in making such an offer, quoted Judge Robert W. Williams, Jr., the lower court judge, who wrote: "It would be a bizarre result if a condemnee's right to an impartial appraiser under Section 407(b) could be short-circuited by the condemnor declaring whatever capricious amount it desired as its estimate of just compensation. There must be circumstances in which a condemnor's declaration of estimated just compensation is so at odds with the economic realities as to constitute no estimate at all." Id. at 417, 398 A. 2d 228.

Petitioner's request in Airportels was granted pursuant to section 1-407(b) due to the fact that evidence of bad faith on the part of the city was shown by the testimony of five witnesses. Airportels adduced testimony of a qualified valuation expert that the replacement value of the improvement was $9,000,000 and petitioner produced testimony from three experts hired by the city in evidence that the city knew the improvements were worth at least $6,500,000. In light of this testimony, the court was justified in finding that an estimate of zero was done in palpable bad faith. The court on page 421 of the opinion stated: "Only fraud or palpable bad faith in making the declaration, described by clear averments of facts in the condemnee's pleadings and thereafter proved by *clear*,

*precise* and *indubitable evidence* will justify the employment by the trial court of the powers we now hold they possess to set aside the condemnor's declaration, to appoint an impartial appraiser and to enter judgment in favor of the condemnee." (Emphasis supplied.)

The instant situation is readily distinguishable from the Airportels case. PennDOT had no estimate prepared by other experts and petitioner has made no appraisal at all. PennDOT contends that the resultant take accrued a benefit to the property providing orderly and safer ingress and egress to it thus enhancing the commercial property for potential customers in all directions. The department has hired only one expert team to assess damage and therefore cannot be held to have had knowledge of other estimates so as to evidence a conscious disregard or palpable bad faith. Public officials are presumed to have acted in good faith: Robinson v. Philadelphia, 400 Pa. 80, 161 A. 2d 1 (1960). Fraud must be proven with clear, precise and indubitable evidence, by credible witnesses: Laughlin v. McConnel, 201 Pa. Superior Ct. 180, 191 A. 2d 921 (1963).

This court is unwilling to go as far as to say that a zero dollar figure is equivalent to no offer at all and appoint an appraiser. Although this figure does seem absurdly low, the court cannot simply assume, in the absence of proof to the contrary, that PennDOT exercised bad faith and that the offer is unjust. The appropriate recourse would be for petitioner to have an appraisal made and submit it along with PennDOT's estaimate to the board of viewers which was appointed by Judge Capuzzi. The board would then be able to make a final assessment as to any compensation owed resulting from the lack of access.