**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**

v.

**Woodrow W. KREWSON, Administrator of the Estate of Matthew J. Krewson, Deceased.**

**Woodrow W. KREWSON, Administrator of the Estate of Matthew J. Krewson, Deceased**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.**

**Civ. A. Nos. 90–5490, 90–5851.**

United States District Court, E.D. Pennsylvania.

May 21, 1991.

**1013**

Earl T. Britt, Teresa Ficken Sachs, Duane, Morris & Heckscher, Philadelphia, Pa., for plaintiff.

Thomas M. McGraw, Robert G. Bellwoar, Schubert, Bellwoar, Mallon, Walheim, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

BECHTLE, Chief Judge.

Presently before the court are the parties' cross motions for summary judgment and Woodrow W. Krewson's motion to compel arbitration. For the reasons stated summary judgment is entered in favor of State Farm and against Krewson and Krewson's motion to compel arbitration is denied.

*Background*

This case involves two related matters. *State Farm v. Krewson,* Civil Action No. 90–5490, is a action for declaratory judgment in which the plaintiff insurer seeks court determination of its obligations under certain clauses of an automobile insurance policy held by Woodrow W. Krewson ("policy"). In *Krewson v. State Farm,* Civil Action 90–5851, a case removed from the Court of Common Pleas of Montgomery County, Pennsylvania. In the removed case, Krewson seeks appointment of an arbitrator for purposes of determining his rights under the policy. The two cases have been consolidated.

On January 1, 1990, Matthew John Krewson was injured by a drunk driver while on vacation in the Cayman Islands, British West Indies. He died of his injuries 9 days later. Woodrow K. Krewson ("Krewson"), Matthew Krewson's father and executor, seeks to obtain money damages for his son's loss of future income. Krewson brought an action in the Montgomery County Court of Common Pleas to compel arbitration for the purpose of recovering loss of future earnings under the uninsured or underinsured motorist provisions of the policy. Future income damages are available in Pennsylvania, where State Farm issued the policy, but are unobtainable against a tortfeasor in the Cayman Islands, where the accident occurred.[1] It is undisputed that the law of the Cayman Islands is applicable to the estate's claim against the tortfeasor, Willie Kern Tatum ("Tatum"). It is also undisputed that under Cayman Island law, loss of future earnings is not recoverable in a death action. State Farm seeks the court to declare that its underinsured motorist coverage is not applicable in these circumstances. State Farm maintains its liability is limited to damages obtainable in a Cayman Islands Court against Tatum. Krewson argues that because State Farm issued the policy in Pennsylvania, the laws of Pennsylvania apply, and therefore, underinsured motorist benefits are available to make up the difference between the damages recoverable against the tortfeasor in the Cayman Islands and what would have been recoverable had the accident occurred in Pennsylvania.

*Discussion*

■ Pennsylvania law requires insurers to include, as part of any automobile insurance package, uninsured and underinsured motorist coverage in amounts equal to the bodily injury liability coverage the insured has purchased. 75 Pa.C.S.A. § 1731(a). The purpose of this requirement is to protect the insured from the risk that a negligent driver of another vehicle will cause injury to the insured and will have inadequate liability coverage to compensate for the injuries caused by his negligence. *Wol-*

---

**1.** The driver, William Kern Tatum, carried an insurance policy designated unlimited, but which contains a jurisdictional clause limiting the insurer's liability to damages available under Cayman Islands law.

*gemuth v. Harleysville Mut. Ins.*, 370 Pa. Super. 51, 535 A.2d 1145, 1149 (1988). State Farm's underinsurance and uninsurance coverage clause provides the following:

> We will pay damages for bodily injury an insured is **legally entitled to collect from the owner or driver of an uninsured motor vehicle** or any **underinsured motor vehicle.**

State Farm Insurance Policy, Stipulation of Parties, Ex. 5, p. 13. (emphasis in original)

■ Because the substantive limitation of the Cayman Island law precludes recovery for loss of future earnings, Krewson is not "legally entitled to recover" damages of that nature from Tatum. Therefore, there, can be no underinsurance benefits enuring to Krewson. The purpose of uninsured/underinsured coverage is to enable the insured to recover under his policy of insurance for damages for which the negligent motorist is legally liable. *Aetna Cas. & Sur. Co. v. Ilmonen*, 360 So.2d 1271 (Fla.App.1978); J. Appelman, *Insurance Law and Practice*, § 5071.45, p. 102–103 and cases cited therein. Although Pennsylvania recognizes an action in damages against a tortfeasor for loss of future earnings, the Motor Vehicle Financial Responsibility Act does not require underinsurance benefits to extend to income loss following death of an individual. 75 Pa.C.S.A. § 1712(2). Eg. *Kaczkowski v. Bolubasz*, 491 Pa. 561, 421 A.2d 1027, 1029–30 (1980).

Krewson argues that Pennsylvania measure of damages control because Pennsylvania has a more significant interest in the insurance dispute than does the Cayman Islands. This "choice of law" analysis, however is inappropriate. This action presents a simple question of contract interpretation under Pennsylvania law. Plaintiff is correct in his assertions that Pennsylvania law governs this dispute. This fact, however, does not require the conclusion that damages must be awarded according to what could have been recoverable had the accident occurred in Pennsyl-

vania. Pennsylvania law requires the court to give full effect to the provisions of the insurance contract.[2] The insurance contract limits indemnification to the amount that the insured would have been able to recover from the tortfeasor. Accordingly, plaintiff may not obtain indemnification from his insurance company for lost earnings because he would not have been able to obtain such damages from the tortfeasor. This conclusions stems from the application of Pennsylvania law. It is not, as Krewson suggests, an application of Cayman Island law to a dispute governed by Pennsylvania law. The language of the contract, which is consistent with Pennsylvania law, dictates the outcome of this case. Krewson is not "legally entitled to collect" damages for loss of future income against a Cayman Islands tortfeasor, therefore State Farm need not indemnify Krewson for such losses.

---

**2.** Circumstances, may, of course, exist where the court is required to render a contract provision ineffective. The parties, however, have not presented the court with any arguments that such circumstances exist in this case.