633 A.2d 1212

**FEDERAL KEMPER INSURANCE COMPANY, Appellant,**

v.

**Lana D. WALES.**

Superior Court of Pennsylvania.

Argued Jan. 5, 1993.

Filed Nov. 23, 1993.

Christina M. Veltri, York, for appellant.

Tom Lang, York, for appellee.

Before WIEAND, OLSZEWSKI and HESTER, JJ.

HESTER, Judge:

Federal Kemper Insurance Company appeals from the June 25, 1992 order sustaining preliminary objections of appellee, Lana D. Wales, and dismissing this declaratory judgment action. The trial court determined that it lacked subject matter jurisdiction due to the fact that the question whether appellee was entitled to uninsured motorist benefits under an insurance policy issued by appellant was subject to the arbitration provision in her policy.

Appellant instituted this action seeking a declaration that appellee was not entitled to uninsured motorist benefits under its policy as the result of a two vehicle traffic accident on June 19, 1989. Appellee was injured seriously while a passenger in an automobile owned and operated by her daughter and insured by appellant. The car was struck in the rear by a

truck being operated by one of appellee's fellow employees, Wayne S. Spangler, Jr. At the time, the vehicle in which appellee was a passenger was exiting her employer's parking lot at the end of the work day. She applied for and received workmen's compensation benefits for injuries sustained as a result of the accident. Appellee then instituted an action against Spangler. He was insured by State Farm. The trial court in that action determined that appellee was precluded from bringing the action against Spangler due to the exclusory provision of the workmen's compensation law, which states:

If disability or death is compensable under this act, a person shall not be liable to any one at common law or otherwise on account of such disability or death for any act or omission occurring while such person was in the same employ as the person disabled or killed, except for intentional wrong. 77 P.S. § 72.

*Wales v. Spangler*, No. 90. S.H.–00887–01, York County Court of Common Pleas. That decision was not appealed.

Appellee then notified appellant she was claiming uninsured motorist benefits under its policy due to the fact she was unable to institute an action in tort against Spangler. This, in her opinion, rendered Spangler uninsured. In response, appellant instituted this declaratory judgment action.

Appellee filed preliminary objections contending that the issue of whether Spangler is uninsured is subject to arbitration.[1] The trial court agreed and dismissed the action. This appeal followed. Appellant contends that the trial court's decision regarding the arbitrability of this matter must be reversed. It acknowledges that coverage issues are generally subject to arbitration, *see Brennan v. General Accident Fire*

---

1. The arbitration provision contained in the policy at issue reads as follows:

If we and an "insured" do not agree:
1). Whether that person is legally entitled to recover damages from the owner or operator of an "insured motor vehicle"; or 2). As to the amount of damages;
Either party may make a written demand for arbitration. Arbitration shall be conducted in accordance with the provisions of the Pennsylvania Uniform Arbitration Act.
Reproduced record at 15a.

*& Life Assurance Corp.,* 524 Pa. 542, 574 A.2d 580 (1990); *Giant Markets, Inc. v. Sigma Marketing Systems, Inc.,* 313 Pa.Super. 115, 459 A.2d 765 (1983), but suggests this is not a coverage issue since appellee is not seeking uninsured motorist benefits under the policy language. Appellant contends appellee is seeking uninsured motorist benefits on public policy grounds and asks us to determine that the trial court should have decided the matter.

Specifically, appellant contends that the issue of whether Spangler was insured is so clear that appellee's claim is not actually one involving insurance coverage under the policy language and that it is unfair to require it to submit to arbitration. Appellant further argues that appellee cannot establish that Spangler fits within the definition of uninsured motorist. Appellant posits that appellee's only argument is that its insurance policy violates public policy for not including within the definition of uninsured motorist a tortfeasor who is an insured co-employee and the fact that Spangler had insurance, which appellee cannot refute, leads to the conclusion he was not uninsured. As appellee's claim is premised solely upon public policy, appellant continues, it asks us to determine that the trial court did have jurisdiction over the matter.

There is no dispute as to the facts. Spangler was insured under a policy issued by State Farm. He was not an uninsured motorist. Nothing transpired that converted Spangler from an insured to an uninsured motorist. The provisions of the Pennsylvania Workman's Compensation Statute prevent appellee from proceeding in tort against Spangler. This does not render Spangler an uninsured motorist.

There are no issues to submit to arbitration. It is beyond dispute that Spangler was insured. His policy was in effect at the time of the accident. The arbitrators do not possess the authority to amend the State Farm policy covering Spangler or the Federal Kemper policy covering the vehicle wherein appellee was a passenger. The solution to appellee's situation lies with the Pennsylvania Legislature, not the judicial system.

Appellee argues that *Brennan v. General Accident Fire and Life Assurance Corp., supra.* mandates that the within issue

be submitted to arbitration. We do not agree. The Pennsylvania Supreme Court there stated: "The instant dispute, in its broadest sense, involves a disagreement as to the amount of damages which Appellant would and could possibly receive under the policy. This Court has held, since the insurance policy was written by the Appellee (General Accident), any ambiguity will be interpreted against the Appellee." *Id.,* 524 Pa. at 549, 574 A.2d at 583. There was no question of coverage in *Brennan.* The issue was the amount to be recovered. There is no such dispute before us. Appellee contends she is entitled to recover uninsured motorist benefits under the terms of the Federal Kemper policy. The other motorist involved was not uninsured. We repeat, there is no issue to submit to arbitration. There is no ambiguity in the Federal Kemper policy to be interpreted. As with underinsurance situations, the inability to recover does not convert the insured tortfeasor into an uninsured motorist. Therefore, there is no coverage issue, and the trial court may not decline to assume jurisdiction in favor of arbitration. The court must reach a conclusion on the merits of the declaratory judgment action.

In view of the foregoing, we are constrained to reverse and remand for disposition in accord with this adjudication. Order reversed. Jurisdiction relinquished.