672 A.2d 1335

**Andrea BRUCK, Individually And On Behalf of All Others Similarly Situated, Appellant,**

**v.**

**PENNSYLVANIA NATIONAL INSURANCE COMPANIES, Individually And On Behalf Of All Others Similarly Situated, Appellee.**

Superior Court of Pennsylvania.

Argued June 21, 1995.

Filed March 5, 1996.

Reargument Denied May 1, 1996.

24

Edwin P. Smith, Philadelphia, for appellant.

Andrew J. Gallogly, Philadelphia, for appellee.

Before CAVANAUGH, WIEAND and OLSZEWSKI, JJ.

WIEAND, Judge:

On January 22, 1991, Andrea Bruck made an application to Pennsylvania's Assigned Risk Plan[1] for motor vehicle insurance in which she selected and paid for the full tort option. Bruck's application recited her occupation to be "student"; and, it is contended, Bruck advised that she was a college student who would be traveling regularly between Pennsylvania and New Jersey to attend classes. After Bruck's application had been processed in the normal course, the Plan designated the defendant, Pennsylvania National Insurance Companies (PNI), to issue a policy of insurance to Bruck. PNI issued a motor vehicle insurance policy to Bruck which reflected her affirmative election of the "full tort option." While this policy was in effect, on November 2, 1991. Bruck's

1. The Pennsylvania Assigned Risk Plan is a private entity which is an unincorporated association of insurers. *Professional Ins. Agents Assoc. of Pa., Md., and De., Inc. v. Chronister,* 155 Pa.Cmwlth. 652, 663–664, 625 A.2d 1314, 1320 (1993), *aff'd sub nom., Professional Ins. Agents Assoc. of Pa., Md., and De., Inc. v. Maleski,* 539 Pa. 269, 652 A.2d 293 (1994). It was created to ensure that those individuals who could not obtain insurance through ordinary methods would be able to obtain insurance coverage on reasonable and not unfairly discriminatory terms. *Joyner v. Harleysville Ins. Co.,* 393 Pa.Super. 386, 391, 574 A.2d 664, 667 (1990).

vehicle was struck in New Jersey by a New Jersey resident. The New Jersey tortfeasor's insurer denied third party liability to Bruck for her alleged soft tissue injuries under New Jersey law. The tortfeasor's insurer adopted the position that, under New Jersey's "deemer" statute, a non-resident involved in a New Jersey motor vehicle accident is automatically subject to that state's tort threshold regardless of the terms of his or her own policy, so long as the non-resident's automobile insurer is licensed to operate in New Jersey. At all relevant times, PNI was licensed in New Jersey. Bruck determined that her injury could not meet New Jersey's tort threshold; and, therefore, she contends that she is not able to recover the noneconomic damages sustained in the accident from the tortfeasor. See generally: *Oswin v. Shaw,* 129 N.J. 290, 609 A.2d 415, 427 (1992) (setting forth standard for determining compliance with the tort threshold).

Bruck commenced a class action against PNI on behalf of herself and others similarly situated to recover a portion of the premium paid for the full tort option. She contended that she was entitled to damages due to PNI's alleged fraudulent misrepresentation that the full tort option form of insurance which she had elected would apply to an accident in New Jersey. Therefore, she believed she would be entitled to "uninsured" motorist coverage under her own policy. On January 18, 1995, prior to ruling on Bruck's motion for certification of class action, the trial court granted summary judgment in favor of PNI. This appeal followed.

■ Except by special order of the court, no summary judgment may be entered against a putative class until the court has certified or refused to certify the action as a class action. Pa.R.C.P. 1715(a), 42 Pa.C.S. No special order has been issued, and the trial court has not ruled upon Bruck's motion to certify the class. Accordingly, the instant summary judgment entered in favor of Pennsylvania National Insurance Companies and against Andrea Bruck does not bind the putative class, but is binding upon the named parties only. *Canulli v. Allstate Ins. Co.,* 315 Pa.Super. 460, 467, 462 A.2d 286, 289 (1983).

Our standard of review is limited to determining whether the trial court committed a clear abuse of discretion or an error of law. *Chambers v. Aetna Casualty and Surety Co.,* 442 Pa.Super. 155, 156, 658 A.2d 1346, 1347 (1995). Summary judgment is properly granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035(b), 42 Pa.C.S.

Pennsylvania's Motor Vehicle Financial Responsibility Law (MVFRL) gives a named insured the right to choose between a "limited tort option" and a "full tort option" form of motor vehicle insurance. A limited tort elector may sue for noneconomic damages if he or she has suffered "serious injury" in an automobile accident. *Dodson v. Elvey,* 445 Pa.Super. 479, 484, 665 A.2d 1223, 1225 (1995) (en banc). Under the full tort option, selection of which carries a higher premium payable to the insurer, the insured maintains an unrestricted right to seek financial compensation for injuries caused by other drivers. 75 Pa.C.S. § 1705(a). Regardless of an individual's election, whenever the tortfeasor is operating a motor vehicle registered in another state, the full tort option applies. 75 Pa.C.S. § 1705(d)(1)(ii). The right of recovery, however, is made subject to applicable state tort law. 75 Pa.C.S. § 1705(c). Cf. *State Farm Mut. Auto. Ins. Co. v. Krewson,* 764 F.Supp. 1012 (1991), *aff'd,* 953 F.2d 1381 (3rd Cir.1992) (enforcing provision of insurance policy which limited recovery to damages that the insured was legally entitled to collect from the tortfeasor.)

The substantive law of New Jersey, as found in that state's so-called "deemer" statute, see: N.J.Stat.Ann. § 39:6A–8.1, and N.J.Stat.Ann. § 17:28–1.4, requires that non-resident automobile owners who are insured by insurance companies licensed to operate in New Jersey not be allowed to sue for noneconomic damages, if the insured vehicle is used or operated in New Jersey. *Dyszel v. Marks,* 6 F.3d 116, 120 (3rd Cir.1993). "This is true whether or not the out-of-state insured has full coverage in his or her home state policy,

*including* coverage for non-economic injuries." *Id.* Instantly, it is contended that the deemer statute precludes appellant's recovery of her noneconomic damages from the tortfeasor despite her election of the full tort option under her Pennsylvania policy because PNI is licensed to operate in New Jersey and the accident occurred in New Jersey.

The issue raised by this appeal is distinguishable from previous cases wherein the Superior Court has held that the deemer statute should be read as an endorsement on the subject Pennsylvania policies. See: *Allstate Ins. Co. v. McNichol,* 420 Pa.Super. 571, 617 A.2d 333 (1992); *Smith v. Firemens Ins. Co. of Newark, N.J.,* 404 Pa.Super. 93, 590 A.2d 24 (1991). See also: *DiOrio v. Nationwide Mut. Ins. Co.,* 17 F.3d 657 (3rd Cir.1994). Those cases concerned first party benefits and were premised upon a finding that application of the New Jersey law afforded a greater level of coverage than the insured otherwise would have received under the minimum requirements of Pennsylvania's Motor Vehicle Financial Responsibility Law (MVFRL). See: *Smith v. Firemens Ins. Co., supra* at 98, 590 A.2d at 27. Instantly, for the first time, we consider whether an insurer who lawfully conducts business in Pennsylvania and New Jersey is required to return a portion of the insurance premium paid by a Pennsylvania policy holder who elected the full tort option. We also consider whether such an insurer commits a fraud upon the policyholder when it fails to notify the policyholder that its status as a New Jersey insurer may cause the policy holder to lose his or her legal right to recover noneconomic damages sustained while operating his or her vehicle in New Jersey.

Appellant theorizes that the producer of record for the Assigned Risk Plan was PNI's agent, that this agent actually knew that appellant travelled regularly to New Jersey because appellant so advised, and that PNI concealed the fact that it was licensed to do business in New Jersey, thereby causing her to pay premiums for coverage not provided. In support, appellant points to two portions of her policy. First, appellant directs us to the policy's "Notice to Named Insureds", which states as follows:

"**Full Tort**" **Option**—The laws of the Commonwealth of Pennsylvania also give you the right to choose a form of insurance under which you maintain an unrestricted right for you and the members of your household to seek financial compensation for injuries caused by other drivers. Under this form of insurance, you and other household members covered under this policy may seek recovery for all medical and other out-of-pocket expenses and may also seek financial compensation for pain and suffering and other nonmonetary damages as a result of injuries caused by other drivers.

Second, appellant directs us to the following general provision:

POLICY PERIOD AND TERRITORY

A.  This policy applies only to accidents and losses which occur:

 1.  During the policy period as shown in the Declarations; and

 2.  Within the policy territory.

B.  The policy territory is:

 1.  The United States of America, its territories or possessions;

 2.  Puerto Rico; or

 3.  Canada.

This policy also applies to loss to, or accidents involving, "your covered auto" while being transported between their ports.

Appellant contends that these two portions of the policy, when read together, should mean that appellant, who elected the full tort option, had an unrestricted right to seek financial compensation for injuries caused by another driver in an automobile accident which occurred within the policy territory, necessarily including New Jersey. We observe, however, that the "full tort option" notice as written is mandated by Pennsylvania's MVFRL. See: 75 Pa.C.S. § 1705. We find nothing unusual or improper in the crafting of the policy's territory provision.

Nevertheless, we consider whether appellee fraudulently misrepresented the scope of appellant's eligibility to sue for noneconomic damages by not revealing the fact that it was licensed to do business in New Jersey. Appellant suggests that an insurance company should make such a fact known, particularly where it is the insurance company's act of acquiring a New Jersey license to do business which makes the deemer statute operative. At the least, appellant argues, appellee should have done so in this case because she expressed an intent to travel regularly to New Jersey. Appellee suggests that the constitutionality of New Jersey's deemer statute was hotly contested at the time appellee issued the subject policy to appellant.[2] Appellee frames appellant's contentions as being erroneously tantamount to requiring appellee to give legal advice to its insured. See generally: *Dercoli v. Pennsylvania Nat. Mut. Ins. Co.,* 520 Pa. 471, 554 A.2d 906 (1989) (insurance company liable to insured for providing incorrect legal advice.).

The elements of a cause of action of fraudulent misrepresentation are: (1) a misrepresentation; (2) the fraudulent utterance of it; (3) an intention that the victim will be induced to act on it; (4) justifiable reliance on it; and (5) damage. See: *Moser v. DeSetta,* 527 Pa. 157, 163, 589 A.2d 679, 682 (1991); *Scaife Co. v. Rockwell–Standard Corp.,* 446 Pa. 280, 285, 285 A.2d 451, 454 (1971).

■ "In order for a purchaser to [show] that he was induced by fraud or misrepresentation to enter into a contract, it must be shown that there was a misrepresentation of a past or existing material fact." *Laughlin v. McConnel,* 201 Pa.Super. 180, 184, 191 A.2d 921, 924 (1963). The concealment of a material fact can amount to culpable misrepresentation, no less than an intentionally false statement. *Moser v. DeSetta, supra; Neuman v. Corn Exchange National Bank & Trust*

2. The classification at issue has been held to be constitutional because it is "rationally related to New Jersey's legitimate state interest in establishing an insurance scheme that will compensate economic losses for all individuals injured in automobile accidents without unduly raising the cost of automobile insurance." *Dyszel v. Marks,* 6 F.3d 116, 119 (3rd Cir.1993).

*Co.*, 356 Pa. 442, 451, 51 A.2d 759, 764 (1947); *Delahanty v. First Pennsylvania Bank, N.A.*, 318 Pa.Super. 90, 108, 464 A.2d 1243, 1252 (1983); *Allstate Ins. Co. v. A.M. Pugh Assoc., Inc.*, 604 F.Supp. 85, 97 (M.D.Pa.1984).

Even though appellant was unaware of a material fact concerning her policy, there is no basis for finding a fraudulent misrepresentation. "Fraud must be established by clear and satisfactory evidence, as it is never presumed." *Laughlin v. McConnel, supra* at 183, 191 A.2d at 923. See also: *Moser v. DeSetta, supra; Snell v. Pennsylvania State Examining Board*, 490 Pa. 277, 281, 416 A.2d 468, 470 (1980). See also: *Fort Washington Resources, Inc. v. Tannen*, 858 F.Supp. 455, 459 (E.D.Pa.1994). There is here no evidence that appellee in any way induced appellant to accept its policy by fraudulently causing her to believe that she would not be subject to the deemer statute's substantive limitations. The evidence was that Bruck applied for a policy of motor vehicle insurance through Pennsylvania's Assigned Risk Plan. Appellee, as a participating insurer in the Plan, did not seek appellant's business. Moreover, appellant has shown no evidence that she would have refused to accept a policy from appellee had she known the insurer was licensed in New Jersey. Similarly, there is no evidence that she would have selected a limited tort option had she been made aware of appellee's license to do business in New Jersey. Given the beneficial ramifications of being subject to New Jersey's deemer statute, it may well be that appellant would have accepted appellant's policy in any event. Finally, while appellant elected the full tort option and may have expressed her intention to travel regularly to New Jersey, appellant offers no support for her contention that this combination of alleged facts required appellee to make disclosure of its registration to do business in that state. Accordingly, appellant's evidence is wholly inadequate to demonstrate that appellee intended to defraud appellant and induced her to act on appellee's alleged misrepresentation. It may be that appellant, because of the confusion surrounding the validity of New Jersey's statute, did not understand the full effect of the transaction. Not fully understanding the transaction, howev-

er, is not the same as being defrauded. *Moser v. DeSetta,* *supra* at 164, 589 A.2d at 682. See also: *Gabovitz v. State Auto. Ins. Assoc.,* 362 Pa.Super. 17, 23, 523 A.2d 403, 406 (1987) (knowledge of the law is equally applicable to both parties.)

■ Appellant also claims that she is entitled to a refund of a portion of the additional premium paid for the full tort option. The evidence, however, in the form of an uncontradicted affidavit is that PNI had no discretion with regard to setting rates with respect to Assigned Risk policies in Pennsylvania; rates were set by the Plan. Moreover, the laws of Pennsylvania do not require that an elector of the full tort option have an absolute right of recovery; recovery is made subject to applicable state tort law. Instantly, appellant does not dispute that the substantive law of New Jersey, where the accident occurred, prevents her from recovering a noneconomic damage claim against the New Jersey tortfeasor. Thus, while appellant professes surprise by this limitation, she is not entitled to a refund of any portion of the premium which she paid to appellee.

■ The remaining issue in this case is whether appellee should be estopped from denying that the New Jersey tortfeasor is an "uninsured motorist" for purposes of appellant's recovery under her own policy. "In the absence of expressly proved fraud, there can be no estoppel based on the acts or conduct of the party sought to be estopped, where they are as consistent with honest purpose and with absence of negligence as with their opposites." *Gabovitz v. State Auto Ins. Ass'n,* *supra.* The record fails to reveal any indication that appellee perpetrated a fraud. Accordingly, appellee's denial of appellant's claim for uninsured motorist benefits was proper.

■ An "uninsured motorist" is a motorist "having no insurance," *Davis v. Government Employees Ins. Co.,* 500 Pa. 84, 89, 454 A.2d 973, 975 (1982) (emphasis omitted), and there is no dispute that the New Jersey tortfeasor was insured. An immune defendant is not an uninsured defendant. *Federal Kemper Ins. Co. v. Wales,* 430 Pa.Super. 208, 212, 633 A.2d

1212, 1214 (1993). Therefore, we find no merit in appellant's contention that appellee should be estopped from denying uninsured motorist coverage to appellant.

In this action, appellant claims that her insurance company is liable to compensate her for noneconomic damages caused by another driver while she was operating her vehicle in New Jersey. Appellant claims that she was unable to recover such damages against the other driver under New Jersey's "deemer" statute, which became operative solely because her insurance company was licensed to do business in New Jersey. Appellant contends that the fact of appellee's status as a New Jersey insurer was wrongfully concealed from her and that she was illegally caused to pay an additional premium for coverage not provided under her policy. Because we have found no evidence of any fraudulent misrepresentation and no overcharge of premium payable under the policy issued in Pennsylvania, we hold that appellant is not entitled to relief. She is, rather, bound by the substantive tort law of New Jersey. Therefore, we affirm the grant of summary judgment entered by the trial court.

Affirmed.

OLSZEWSKI, J., files a dissenting Opinion.

OLSZEWSKI, Judge, dissenting:

Since I believe that a genuine issue of material fact exists in this case, I am compelled to dissent. Specifically, I find that appellant, Andrea Bruck, has succeeded in establishing a prima facie claim for fraudulent misrepresentation. Accordingly, I would remand this case for trial.

In advancing her claim of fraudulent misrepresentation, appellant places significant reliance on the statements she made in her application to appellee, Pennsylvania National Insurance Companies (PNI), through its agent, the Pennsylvania Assigned Risk Plan. In this application, appellant provided notice to PNI that, while she would be living in Pennsylvania during the policy period, she would continue to attend college in New Jersey and that she would, therefore, be

travelling regularly between the two states to attend classes. Appellant claims that PNI's knowledge of her desire to so travel is sufficient, in light of the provisions of her policy such as her election of the full tort option, to require disclosure by PNI of any facts material to limitations on her coverage in New Jersey.[1]

"The trial court will be overturned on the entry of summary judgment only if there has been an error of law or a clear abuse of discretion." *Anderson v. Moore*, 437 Pa.Super. 642, 645, 650 A.2d 1090, 1092 (1994). We note, however, that:

> when we review the grant of a motion for summary judgment made under Pa.R.C.P. 1035, our scope of review is well-settled: summary judgment is properly granted where *"there is no genuine issue as to any material fact* and . . . the moving party is entitled to a judgment as a matter of law."* Pa.R.C.P. 1035(b). Summary judgment should be granted only in the clearest case, where the right is clear and free from doubt. The moving party has the burden of proving that there is no genuine issue of material fact. The record and any inferences therefrom must be viewed in the light most favorable to the nonmoving party, and any doubt must be resolved against the moving party.

*Id.* (citations omitted) (emphasis added).

Employing this standard, I believe that a genuine issue of material fact exists as to whether appellant's conduct is indeed tantamount to a finding that she informed PNI of her desire to obtain coverage in New Jersey that is equivalent to that she received for Pennsylvania. Clearly, if appellant requested such coverage, she would be entitled to disclosure by PNI of its licensed status in New Jersey since this fact alone would result in her being unable to obtain the requested coverage. *See Moser v. DeSetta*, 527 Pa. 157, 163, 589 A.2d 679, 682 (1991) (the concealment of a material fact can amount to culpable misrepresentation no less than does an intentional

---

1. Specifically, appellant claims that PNI should have apprised her of its status as a New Jersey insurer. This fact alone affected appellant's eligibility to recover for noneconomic damages sustained while she was operating her vehicle in New Jersey.

false statement). The majority fails to understand this argument and, thus, places reliance on the finding that "appellant offers no support for her contention that [the] alleged facts required [PNI] to make disclosure of its registration to do business in [New Jersey]." Majority op. at 30.

I believe that the majority's holding places the insurer in an unnecessarily advantageous position. I find that individuals who have provided information to an insurer regarding their New Jersey coverage requirements, should not receive inferior coverage in that state merely because of the operating status of the insurer without the opportunity to receive information from that insurer which would change their decision to purchase the coverage from it.

Based upon the foregoing, I respectfully dissent.