Erie Insurance Exchange v. Conley

C.P. of Allegheny County, no. GD 09-21471.

*Arthur Leonard,* for plaintiff.
*Mark E. Milsop,* for defendant.

HERTZBERG, *J.,* August 27, 2010—Defendant Matthew Conley has appealed to the Superior Court of Pennsylvania from my declaratory judgment that plaintiff Erie Insurance Exchange has no duty to provide uninsured and underinsured automobile insurance coverage under a policy it issued to Conley. This opinion explains the reasons for my decision.

On October 9, 2008 Conley was employed by Frank Olander t/d/b/a Olander Tree and Landscaping (Olander). Conley, while in the course of this employment, was standing on the ground loading tools into the rear of a dump truck that was being operated by his employer, Frank Olander. Conley alleges that Olander negligently moved the vehicle, striking him and causing him serious personal injuries. Conley acknowledges the incident was between only him and his employer, with no third party involved.

As a result of being injured while in the scope of his employment, Conley was awarded Pennsylvania workers' compensation benefits. Conley did not make a negligence claim against Olander, his employer, as Conley accepts that the Pennsylvania Workers' Compensation

Act prohibits him from doing so. Instead, Conley made a claim for the uninsured or underinsured motorist benefits contained in his own auto insurance policy that was issued by Erie.

Erie denied Conley's claim for uninsured or underinsured motorist benefits and commenced the subject litigation by filing an action for declaratory judgment. Conley filed a counterclaim for uninsured or underinsured benefits, and Erie filed a motion for judgment on the pleadings. I granted Erie's motion and declared that Erie has no obligation to provide Conley with uninsured or underinsured auto insurance benefits for claims arising from the October 9, 2008 accident. Conley field a notice of appeal to the Superior Court, alleging in his concise statement of matters complained of on appeal, that I made an error of law by ruling in favor of Erie.

The applicable law includes two topics of Pennsylvania legislation, the Motor Vehicle Financial Responsibility Law (75 Pa.C.S. §§ 1701-1799.1) and the Workers' Compensation Act (77 P.S. §§1-2626). The Motor Vehicle Financial Responsibility Law (MVFRL) establishes Pennsylvania's automobile insurance system, and requires insurers to offer uninsured and underinsured coverage. 75 Pa.C.S. §1731(a). Uninsured coverage primarily is insurance payable if the driver at fault in an accident does not have liability insurance, and underinsurance coverage is insurance payable if the driver at fault's liability insurance limit is insufficient to pay for all of the damages. 75 Pa.C.S. §§1702 and 1731. The Workers' Compensation Act (WCA) states that an employer's liability for benefits under the WCA (including wage loss and medical expenses) is the exclusive rem-

edy an employee has for injury or death that occurs in the course and scope of employment. 77 P.S. §481(a). Since Conley receives WCA benefits, I interpret the WCA exclusivity provision to prohibit Conley from also making claims against Erie for uninsurance or underinsurance.

Conley believes my decision is not supported by the controlling case law. See Conley's concise statement. However, with respect to the uninsurance claim against Erie, the case of *Federal Kemper Insurance Company v. Wales,* 430 Pa. Super. 208, 633 A.2d 1212 (1993) clearly is controlling. In that case, Wales was in an auto that was struck in her employer's parking lot by a truck being driven by one of her fellow employees. Wales received worker's compensation benefits, but then initiated a lawsuit against the employee who was driving the truck that struck her auto. The lawsuit against the fellow employee was dismissed by the trial court due to the WCA exclusivity provision.[1] Wales then made a claim for uninsurance against Federal Kemper Insurance Company, which insured the auto in which Wales was a passenger. The Superior Court explained that being unable to recover against the fellow employee because of the exclusive remedy of the WCA "does not convert the insured tort-feasor into an uninsured motorist." 430 Pa. Super at 212, 633 A.2d at 1214. As a result, the Superior Court prohibited Wales from making an uninsurance claim. Similarly, in the case at bar, Conley's inability to make a claim against Olander due to the WCA does not

---

1. The WCA immunizes both the employer (77 P.S. §481) and the co-employee (77 P.S. §72) from liability if WCA benefits are paid.

convert Olander into an uninsured motorist. Indeed, with respect to Conley's uninsurance claim, the controlling case law supports my decision to prohibit Conley from making the claim.

Conley also argues he is "legally entitled to recover damages" from Olander. This reference is to the MVFRL description of the uninsurance and underinsurance coverage that must be offered by auto insurers. The coverage must provide "protection for persons who suffer injury arising out of the maintenance or use of a motor vehicle and are legally entitled to recover damages therefore from owners or operators" of uninsured or underinsured motor vehicles. 75 Pa.C.S. §1731(b) and (c). This "legally entitled to recover damages" language is included in the uninsurance and underinsurance provisions of Conley's insurance policy making it both a legislative and contractual requirement. The Superior Court explained the meaning of this language in *Kmonk-Sullivan v. State Farm Mutual Automobile Insurance Company*, 746 A.2d 1118 (Pa. Super. 1999). In that case, approximately 50 people who were injured when two Port Authority of Allegheny County (PAT) buses collided head-on received the $1,000,000 damage maximum permitted by the Political Subdivision Tort Claims Act (42 Pa.C.S. §§8521-28). Thirty-four of those injured then made underinsurance claims with their own auto insurance carriers. The Superior Court ruled that the 34 were "legally entitled" to recover against PAT notwithstanding the $1,000,000 Political Subdivision Tort Claims Act limit. The Superior Court held that the legislature waived sovereign immunity to this extent thus legally entitling parties injured through the negligent operation of government

vehicles to make underinsurance claims. *Kmonk-Sullivan, supra,* 746 A.2d at 1122. The Superior Court carefully explained that there is not legal entitlement in situations where other statutes completely bar claims. The Superior Court specifically referenced that "the workers' compensation statute *completely barred* the injured employee from bringing suit against his co-employee tortfeasor." Hence, when injured by the negligence of a co-employee, the injured employee is not legally entitled to sue the co-employee or make a claim for uninsured or underinsurance benefits. Conley therefore is not "legally entitled" to recover damages from Olander because the WCA completely bars him from suing his employer.

Conley also believes *Gardner v. Erie Insurance Company,* 555 Pa. 59, 722 A.2d 1041 (1999) supports Conley's position. See Conley's concise statement and brief in opposition to plaintiff's motion for judgment on the pleadings. However, there is a critical factor present in the *Gardner* case that is absent from the case at bar. A third party who was not an employer or co-employee was at fault in the accident that injured Gardner. Hence, even though Gardner was working when the accident occurred and subsequently received workers' compensation benefits, the Supreme Court permitted Gardner's uninsurance claim because it was "premised upon wrongful third-party conduct. . . ." 555 Pa. 59, 71, 722 A.2d 1041, 1046. Conley's claim is not premised upon third-party conduct; it is premised exclusively upon the allegedly negligent conduct of Olander, Conley's employer.

The Superior Court set forth the method for analyzing situations when employer immunity from the WCA applies in *Warner v. Continental/CNA Insurance Compa-*

*nies,* 455 Pa. Super. 295, 688 A.2d 177 (1997). The Superior Court began with an explanation of the historic basis for the WCA. Injured employees had initiated an overwhelming number of suits. The WCA was enacted to efficiently compensate the employees by providing them benefits without the requirement of employer negligence. However, the WCA limits the amount of employee benefits available for work-related injury and gives the employer immunity from additional claims for damages. *Id.,* 455 Pa. Super. at 308-309, 688 A.2d at 184. Hence, in analyzing issues of employer immunity, the Superior Court focuses on whether the claim implicates employer wrongdoing or negligence. *Id.* Since an automobile accident claim premised on the negligence of a third party does not implicate employer wrongdoing *(e.g., Gardner v. Erie, supra),* the employer may not assert immunity.

Applying this analysis to the case at bar, to make an underinsurance coverage claim, Conley must be "legally entitled to recover damages" from the owner or operator of an underinsured auto. 75 Pa C.S. §1731(c). To be legally entitled to recover damages, it is axiomatic that Conley prove negligence by the party injuring him. Because that party is Olander, Conley's employer, negligence or employer wrongdoing clearly is implicated. Conley's underinsurance claim derives directly from his assertion that his employer negligently struck him. Therefore, there is immunity from suit for Erie, the underinsurance carrier, to "borrow." *Warner supra,* 455 Pa. Super. at 309, 688 A.2d at 184. Thus, even though *Gardner v. Erie* permitted an uninsurance claim after payment of WCA benefits, the case does not support

Conley because a third party was at fault in *Gardner v. Erie*. The analysis set forth in *Warner* and followed in *Gardner* does not permit either uninsurance or underinsurance claims that derive from employer negligence. *Gardner* instead applies the WCA employer immunity to Conley's claims because they implicate his employer's negligence.

Conley's final argument is that denying him uninsurance and underinsurance benefits is contrary to public policy. See concise statement. Conley appears to premise this argument on the "legally entitled to recover" provision in Erie's policy being an exclusion from coverage that is not favored by the MVFRL. This premise is false, as the "legally entitled to recover" provision in Erie's policy also is set forth, verbatim, in the MVFRL. See 75 Pa.C.S. §1731(b) and (c). Characterizing this argument as involving an insurance policy provision that violates public policy is, therefore, incorrect. It is the public policy dictated by the Pennsylvania Legislature in the MVFRL that excludes persons not legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles. It also is the Pennsylvania Legislature's public policy set forth in the WCA that gives Olander immunity from suit and Erie immunity from derivative uninsured or underinsured claims. Since these two legislative enactments indicate a public policy against Conley receiving uninsurance or underinsurance claims, Conley's argument concerning public policy lacks merit.