537 A.2d 829

**WIDENER UNIVERSITY, Appellant,**

v.

**FRED S. JAMES & CO., INC.; and Marsh & McClennan, Inc.; and American Casualty Co. of Reading, Pennsylvania; Commercial Union Insurance Company; Insurance Company of North America; and Reliance Insurance Company, Appellees.**

Superior Court of Pennsylvania.

Argued Oct. 6, 1987.

Filed Jan. 7, 1988.

Reargument Denied Feb. 26, 1988.

Rocco P. Imperatrice, III and Francis J. Leto, Media, for Widener, appellant.

Robert J. Hoelscher, Philadelphia, for James, appellee.

John Gerstein, Washington, for American Casualty, appellee.

Edward Connelly, Philadelphia, for Commercial, appellee.

Neil Clain, Philadelphia, for Insurance Co., appellee.

Lisa Passnate, Philadelphia, for Reliance, appellee.

Before WIEAND, OLSZEWSKI and HOFFMAN, JJ.

OLSZEWSKI, Judge:

This is an appeal from the order of the trial court denying plaintiff/appellant's motion for summary judgment and granting summary judgment in favor of all defendants/appellees. For the reasons stated below we affirm the trial court's order.

This case arose in the following manner. Appellant, Widener University (Widener), brought a civil action in the Court of Common Pleas, Delaware County, against defendants American Casualty Company of Reading, Pennsylvania (American Casualty)[1] and insurance brokers, Fred S. James & Co., Inc. and Marsh and McClennan, Inc. Widener alleged that American Casualty breached a contract of insurance by failing to reimburse Widener for legal fees and expenses incurred by Widener in defense of litigation commenced by the former dean of Widener's Delaware Law School against Widener, Delaware Law School, and several of their respective officers and trustees.[2]

Widener alleged, alternatively, that the defendant brokers were liable to Widener for reimbursement of the legal fees and expenses for improper performance of, or failure to perform, their obligations to Widener as its insurance brokers.

American Casualty joined as additional defendants Commercial Union Insurance Company (Commercial Union), Insurance Company of North America (INA), Reliance Insurance Company (Reliance) and St. Paul Fire and Marine

---

**1.** Suit was originally brought against CNA Insurance Companies. The parties agreed to amend the action to substitute American Casualty Company of Reading, Pennsylvania as a party defendant. American Casualty is, apparently, one of the CNA group of companies. (Plaintiff's motion for summary judgment, p. 3).

**2.** Widener is seeking reimbursement for legal fees totalling $859,765.83 in the following actions:

*Avins v. Widener,* Civil Action No. 76–222 (D.Del.)
*Avins v. Hannum,* Civil Action No. 79–89 (E.D.Pa.)
*Avins v. Hannum,* Civil Action No. 79–2089 (E.D.Pa.)
*Avins v. Dixson,* Civil Action No. 81–1248 (E.D.Pa.)

Insurance Company.[3] American Casualty alleged that the additional defendants were either solely liable to Widener for reimbursement of legal fees and expenses, or liable to American Casualty for contribution for any amounts which American Casualty might be compelled to pay Widener.

Following motions and cross-motions for summary judgment, an order was entered by the trial court granting summary judgment in favor of all defendants and against Widener. Widener now appeals. The complexity of this case requires that we deal with each defendant separately; however, we note at the outset our standard of review in an appeal from an order granting a motion for summary judgment.

When reviewing the granting of summary judgment:

The court must accept as true all well-pleaded facts in the non-moving party's pleadings and give the non-moving party the benefit of all reasonable inferences to be drawn therefrom. In order to uphold a grant of summary judgment, the record must demonstrate both an absence of genuine issues of material fact and an entitlement to judgment as a matter of law.

*Craig Coal Mining Co. v. Romani,* 355 Pa.Super. 296, 298–99, 513 A.2d 437, 438 (1986), *appeal granted* 514 Pa. 624, 522 A.2d 50 (1987) (*quoting Chicarella v. Passant,* 343 Pa.Super. 330, 340, 494 A.2d 1109, 1114 (1985).

### American Casualty

The issues to be determined with respect to appellee, American Casualty, are: (1) whether American Casualty was contractually obligated to reimburse Widener for defense costs incurred in connection with the four "Avins" lawsuits; and (2) whether American Casualty is estopped from refusing to reimburse Widener's defense costs.

■ The resolution to the first issue requires a determination as to whether the American Casualty insurance policy provided only "excess" coverage in this case. Our review

---

**3.** A voluntary discontinuance was entered against St. Paul Fire and Marine Insurance Company.

of the record reveals that there is no genuine issue of material fact to be tried in this instance; therefore, we proceed to a discussion of whether American Casualty is entitled to judgment as a matter of law.

American Casualty supplied Widener with a board of education liability policy which provided insurance for the directors, officers and trustees of Widener for *claims made* against them for any breach or neglect in the discharge of their duty or

> any actual or alleged errors or misstatement or misleading statement or act or omission or neglect or breach of duty by the Assureds in the discharge of their duties, individually or collectively, or any matter claimed against them solely by reason of their being or having been Assureds during [the] policy period.

American Casualty policy, paragraph III(c).

This coverage of wrongful acts as defined above extended to:

> any amount which [Widener is] legally obligated to pay ... for a claim or claims made against [Widener] for a Wrongful Act and shall include but not be limited to damages, judgments, settlements and *costs, cost of investigation and defense of legal actions* ... claims or proceedings and appeals therefrom ...

American Casualty policy, paragraph III, as modified in Liberalization Endorsement (emphasis added).

In addition, the policy obligated Widener to select and retain legal counsel of its own choosing. Further, the American Casualty policy, under an endorsement which amended paragraph IV(b)(1) of the policy, expressly excluded the following:

> (b) The insurer shall not be liable to make any payment for loss in connection with any claim against the Assureds, and/or the School District
>
> > (1) *which is insured by another policy or policies except in respect of any excess over and above the*

*amount or amounts of such other policy or policies* . . .

(Emphasis added.).

Commercial Union, INA and Reliance issued general liability policies which provided *occurrence coverage*[4] for personal injury. The definition of personal injury included defamation.[5] The general liability policies provided that the insurers shall have the right and *duty to defend* any suit against the insured on account of such personal injury.

American Casualty contends that its policy was "in excess of policies issued by Reliance, INA and Commercial Union and that American Casualty had no defense obligations to Widener until exhaustion of coverage under the 'primary' coverage of Reliance, INA and Commercial Union Policies." Widener, in challenging the trial court's finding that American Casualty was an "excess" insurer, asserts that "other or double insurance exists only where there are two or more insurance policies covering the same interest, same subject matter and against the same risk." *Blue Anchor Overall Co., Inc. v. Pennsylvania Lumbermens Mutual Insurance Co.,* 385 Pa. 394, 398, 123 A.2d 413, 415 (1956). Widener asserts that the coverage provided by the American Casualty policy is fundamentally different from the general liability policies.

A careful review of *Blue Anchor* reveals that it does not compel the conclusion that American Casualty was *not* an "excess" insurer. *Blue Anchor* dealt with a situation where the defendant's insurance policy was the *only one* which insured against the risk of loss at issue in that case.

4.  One type of policy, the occurrence policy, keys upon when that conduct [conduct giving rise to liability] occurs during the policy period, the insurer has a duty to indemnify and defend the insured regardless of when the claim against the insured is made. . . . the other type of policy, the claims-made policy, keys upon when the claim was asserted against the insured. If it is made against the insured during the policy period, the insurer has to perform under the contract regardless of when the conduct giving rise to the claim occurred.

5.  All of the "Avins" actions contained, *inter alia,* allegations of defamation.

In the case at hand, it is undisputed that each of the four underlying suits contained one or more allegations that fell potentially within the scope of coverage afforded by the "duty-to-defend" policies issued by Commercial Union, Reliance and/or INA. In Pennsylvania, an insurer with a "duty to defend" must provide a complete defense on behalf of its insured so long as even one allegation of the complaint falls potentially within the scope of the coverage of the insured's policy. *Cadwallader v. New Amsterdam Casualty Co.*, 396 Pa. 582, 152 A.2d 484 (1959); *Brugnoli v. United National Insurance Co.*, 284 Pa.Super. 511, 426 A.2d 164 (1981), *clarified* 284 Pa.Super. 520, 434 A.2d 105 (1981). Therefore, the loss for which Widener is seeking reimbursement from American Casualty, its defense costs, is also covered by the general liability policies and Widener's express provision excluding payment for a loss which is insured by another policy, must be given effect.

Widener argues alternatively that, in the event we find American Casualty to be an "excess" insurer, the "other insurance" clause constitutes an escape clause and, therefore, cannot be given effect. *See Insurance Company of North America v. Continental Casualty Co.*, 575 F.2d 1070 (3rd Cir.1978) (escape clauses generally in disfavor with the courts). Widener's argument is premised on its contention that American Casualty has a "duty to defend." *Pacific Indemnity Co. v. Linn, et al.*, 590 F.Supp. 643 (E.D.Pa.1984), *aff'd* 766 F.2d 754 (3rd Cir.1985) (the duty to defend is unaffected by "other" insurance clause). Widener's argument is fallacious. American Casualty has no "duty to defend" in this case. *See King Aluminum Corp. v. William Hyndman III Insurance Agency, Inc.*, 370 F.Supp. 621 (E.D.Pa.1974) (no duty to defend where policy does not state one). Furthermore, American Casualty's "excess" clause cannot be construed as an "escape" clause. *See Insurance Company of North America v. Continental Casualty Co., supra* ("escape" clause provides that the company invoking it is relieved from *any* obligation to the insured if other coverage is available). *See*

_also Liberty Mutual Insurance Co. v. Pacific Indemnity Co._, 579 F.Supp. 140 (W.D.Pa.1984) (escape clause held to exist where policy provided it afforded _no_ coverage in the event the insured has other insurance). As the language in American Casualty's policy provides simply that American Casualty is liable for amounts in excess of that covered by other policies, we conclude that American Casualty's "excess" provision should not be struck down as an "escape" clause, but must be given its intended effect.

We now turn to the issue of whether American Casualty is estopped from refusing to reimburse Widener's defense costs. To seek relief under the doctrine of promissory estoppel, plaintiffs must plead all facts necessary to support such a claim in their complaint. _See DiSante v. Russ Financial Co._, 251 Pa.Super. 184, 380 A.2d 439 (1977); _Lakenau Hospital v. Madway_, 410 Pa. 268, 189 A.2d 592 (1963). We have reviewed appellant's complaint in this matter and have found that the necessary facts have not been pleaded. Therefore, this claim is not properly before this Court and we will not undertake a review of it.

### Reliance, INA, Commercial Union

Widener contends that summary judgment should not have been granted in favor of Reliance, INA and Commercial Union because of the existence of genuine issues of material fact. It is not disputed that the general liability policies issued by Reliance, INA and Commercial Union provided coverage for one or more of the "Avins" actions [6] and that the terms of these policies imposed upon the insurers a duty to defend in the underlying actions. Widener, however, asserts that the issues of fact pertain to whether: (1) the defense tendered was adequate; (2) entries of counsels' appearances were untimely; and (3) Widener

---

**6.** _See_ Responses of additional defendants to requests for admissions propounded by American Casualty. Each of the additional defendants admitted that the following law suits contained one or more allegations that fell potentially within the scope of coverage afforded by their policies:

INA: Nos. 79–89, 81–1248, 79–2089.
Commercial Union: Nos. 79–89, 79–2089, 76–222, 81–1248.
Reliance: No. 81–1248.

refused the defense tendered. Widener makes these assertions in the face of its prior statements that: (1) it never timely notified the other carriers of certain of the "Avins" actions in question (appellant's brief at 32); and (2) had American Casualty informed Widener that it would not reimburse for the costs of defense, Widener would have *allowed* its other carriers to assume its defense (appellant's brief at 32).

We have reviewed the record and are satisfied that no genuine issue of material fact exists with respect to the three areas asserted by Widener to be in dispute.[7] The question remains, however, whether appellees were entitled to judgment as a matter of law.

Appellees contend that the duty to defend is not triggered until the insured requests the carrier to defend it. *Hartford Accident and Indemnity Co. v. Gulf Insurance Co.*, 776 F.2d 1380 (7th Cir.1985). As was already stated the fact that Widener never timely notified appellees of certain of the "Avins" actions is not disputed. Late notice, however, is not sufficient to relieve an insurer of its duty to defend when it is otherwise reasonably alerted of an action to which its duty would extend.[8] *Philadelphia Electric Co. v. Aetna Casualty and Surety Co.*, 335 Pa.Super. 410, 484 A.2d 768 (1984). In the present case, however, not only was Widener's notice to appellees untimely but Widener failed to request appellees to provide a defense and refused counsel that appellees nevertheless appointed.[9] Therefore, we find

7. Furthermore, we are of the opinion that any facts relating to whether: (1) the defense tendered was adequate; (2) entries of counsels' appearances were untimely are not material in view of Widener's implied admission that it refused to allow the other carriers to assume its defense.

8. There is evidence that at least one of the insurers learned of the "Avins" actions through other sources. (Reliance brief at 5).

9. Commercial Union appointed counsel who entered his appearance on behalf of Widener in actions Nos. 79–89, 79–2089, 81–1248 (R. at 1340a–1347a).

INA appointed counsel who entered his appearance on behalf of Widener in action No. 79–89 (R. at 1787a).

that judgment in favor of Commercial Union, INA, and Reliance was proper.

## Fred S. James, Inc. and Marsh and McClennan, Inc.

Widener appeals the trial court's order granting summary judgment in favor of its insurance brokers. Widener contends that in the event the insurance carriers are found not to be liable to Widener because of late notice of the underlying lawsuits, then Widener would have a viable claim against its brokers for their failure to provide such notice.

Our affirmance of the trial court's grant of summary judgment in favor of the insurance brokers rested upon finding that American Casualty was an "excess carrier and that not only was the notice to the general liability carriers late, but Widener failed to request a defense and refused counsel that was appointed. The alleged failure of the insurance brokers to notify the carriers of the underlying lawsuits was not the linchpin of our affirmance of the trial court. In fact, in view of Widener's later actions in this regard, any failure of the brokers to notify the carriers of the lawsuits would appear to be harmless.

We, therefore, affirm the order of the trial court granting summary judgment in favor of all appellees.

Reliance prepared a non-waiver agreement and transmitted it to Widener with a letter indicating the law firm to which Reliance had assigned the lawsuit (R. at 1543a).

Duty to defend insurer has right to defend litigation and to select counsel. *See AC & S, Inc. v. Aetna Casualty and Surety Co.,* 764 F.2d 968 (3rd Cir.1985); if insured refuses duty-to-defend insurer's offer of counsel, the duty-to-defend insurer has no obligation to the insured in connection with the defense of the claim. *Ezell v. Hayes Oil Field Construction Co.,* 693 F.2d 489 (5th Cir.1982), *cert. denied, Hayes Oil Field Construction Co. v. United States Fidelity and Guaranty Co.,* 464 U.S. 818, 104 S.Ct. 79, 78 L.Ed.2d 90 (1983).