657 A.2d 1282

**William ALEXANDER, Edwin L. Kennedy, Donovan R. Beachley, Sr., and John C. Baker**

**v.**

**CNA INSURANCE COMPANY and American Casualty Company of Reading Pa., Inc.**

**Appeal of AMERICAN CASUALTY COMPANY OF READING PA., INC.**

Superior Court of Pennsylvania.

Argued Nov. 17, 1994.

Filed May 3, 1995.

508

Richard M. Faulkner, State College, for appellants.

Cecilia M. Clarke, Chicago, IL, for appellees.

Before CAVANAUGH, POPOVICH and SAYLOR, JJ.

CAVANAUGH, Judge:

This matter is presently before the court on the appeal of American Casualty Company of Reading ("ACC") from the order of the Court of Common Pleas of Centre County of April 19, 1994 which entered declaratory judgment against it. For the reasons which follow we affirm.

The facts of the instant matter, involving as they do several different lawsuits, require a somewhat lengthy recitation.

Plaintiff Alexander is vice president for financial affairs of Juniata College. Plaintiffs Kennedy, Beachley and Baker are (or were at all times material hereto) members of the Finance Committee of the Board of Trustees of Juniata College. In May, 1982 Juniata College filed a lawsuit (the "Juniata" ac-

tion) against Penn Central National Bank alleging that the bank (which was the custodian of Juniata College's stocks) failed to give them timely notice of a tender offer for some of their stock holdings which failure resulted in an untimely tender of the stocks and, Juniata College claimed, monetary damages to the college. The college asserted causes of action in negligence and breach of contract against the bank.

Penn Central responded by joining plaintiffs herein (Alexander, Kennedy, Beachley and Baker) as additional defendants, claiming that it was they who had breached their contract with, and breached their duty to, the college, by failing to exercise proper care in the administration of the financial affairs of the college.

In effect during this period was a "Board of Education Liability" insurance policy ACC had issued to the college. Each of the plaintiffs herein were "Assureds" under the policy, which entitled them to coverage for claims falling within the policy. Plaintiffs herein submitted to ACC the claim filed against them in the Juniata action. ACC informed plaintiffs that they would not provide them a defense and that the Assureds must retain their own attorney,[1] and further that should there be an award against them for breach of contract the policy would not reimburse them for such damages.

The Juniata action was settled prior to trial with plaintiffs herein and Penn Central Bank agreeing to pay Juniata College $25,000 each for a total settlement of $50,000. ACC "consented" to this settlement but also informed plaintiffs that it was not waiving any of its "previously stated coverage positions." ACC thereafter continued to deny plaintiffs coverage under the policy and plaintiffs instituted the instant declaratory judgment action seeking a determination of whether ACC must indemnify them for the settlement of the Juniata action, and whether ACC must reimburse them for

1. The policy states, at Paragraph VI of its Liberalization Endorsement, that the Assureds shall select and retain their own legal counsel. However, the policy also states that it will pay the Assureds' losses covered by the policy which includes the cost of the defense of legal actions. (Paragraph III(d)).

the costs of their defense of the Juniata action. On April 19, 1994 the court below determined that ACC *was* liable to the plaintiffs, under the term of the insurance policy, for payment of the plaintiff's costs of defense and the amount payable by the plaintiffs in settlement of the Juniata action. This appeal followed.

On appeal ACC raises the following issues:

I. Whether the trial court erred in finding that ACC had a duty to defend the plaintiffs against the complaint brought against them in the Juniata action.

II. Whether the trial court erred in ruling that ACC was obligated to indemnify the plaintiffs for their settlement of the Juniata action.

In our determination of the controversy before us, we need only address appellant's second claim, that the court erred in finding that it was obligated to indemnify the plaintiffs for their settlement of the Juniata action.[2] In support of this argument appellant claims; that plaintiffs did not demonstrate an actual "loss" covered by the policy, that Paragraph IV(b)(6) of the policy precludes plaintiffs' recovery, and that any payment by ACC would constitute unjust enrichment. We shall discuss each of these claims and begin with appellant's argument that the plaintiffs have demonstrated no covered "loss".

██ The proper construction of a policy of insurance is resolved as a matter of law in a declaratory judgment action. *Aetna Casualty and Surety Company,* 437 Pa.Super. 414, 420–

---

**2.** Appellant's claim that the court erred in finding that it had a duty to defend the plaintiffs does have merit but does not bear on the ultimate issue before us. Although it has been held that an insurer has no duty to defend if the contract of insurance does not include a duty to defend clause, *see: Widener University v. Fred S. James & Co., Inc.,* 371 Pa.Super. 79, 537 A.2d 829 (1988), which clause was not included in the insurance policy at issue here, the real issue we must determine is whether ACC must indemnify plaintiff's for their settlement of the claim against them. Accordingly, although we agree that ACC had no specific duty to defend plaintiff's in the lawsuit brought against them, this fact is of no moment in the instant appeal because, as we stated in footnote # 1, the finding of a duty to indemnify includes a duty to repay the plaintiffs their cost of defense.

22, 650 A.2d 94, 98 (1994). The relevant terms of the insurance policy regarding this issue are contained in the policy's Insuring Clause (Clause I), and the Liberalization Endorsement at Paragraph III(d). Clause I states that the Insurer agrees:

(a) With the Assureds that if, during the policy period any claim or claims are made against them individually or collectively, for a Wrongful Act occurring during the policy period, the Insurer will pay on behalf of, in accordance with the terms of this policy, the Assured, ... for *all loss* which the said Assureds or any of them shall become legally obligated to pay.

(Emphasis added.)

"Loss" is defined in the Liberalization Endorsement as:

Loss shall mean any amount which the Assured ... are legally obligated to pay ... for a claim or claims, made against an Assured for a Wrongful Act and shall include but not be limited to damages, judgments, *settlements* and costs, cost of investigation and defense of legal actions....

(Emphasis added.)

Appellant makes several claims as to why, in its opinion, the plaintiffs have suffered no "loss" as that term is defined in the contract; appellant argues that any wrongdoing by the plaintiffs (as agents of Juniata College) should be considered the wrongdoing of Juniata College, that Juniata is responsible for the acts of its employees under the doctrine of *respondeat superior*, and finally, that plaintiffs have offered no proof that they have actually paid the settlement amount.

In response, we first note that a court is required to give effect to the unambiguous language of an insurance policy. *Fran and John's Doylestown Auto Center, Inc. v. Allstate Insurance Company*, 432 Pa.Super. 449, 453, 638 A.2d 1023, 1024 (1994). Reviewing the policy of insurance under this standard reveals that Paragraph III(d) of the policy clearly states that the term "loss" shall mean any amount which the Assureds become legally obligated to pay, for a claim made against them for a wrongful act, *and shall includ-*

*ed settlements.* In the case before us, Penn Central Bank made a claim against the plaintiffs, for a wrongful act, which claim was settled with the plaintiffs becoming legally obligated to pay the sum of $25,000. Accordingly, under the contracts unambiguous language the plaintiffs herein clearly suffered a covered "loss."

Since "we are powerless to place upon the language of the policy ... any construction which conflicts with its plain meaning", *Id.,* and since the plaintiffs have met the definition of a covered loss under the insurance policy, appellant cannot prevail on its first claim.

▋ Appellant next claims that plaintiffs may not recover from them in that coverage is precluded by Paragraph IV(b)(6) of the policy.

Paragraph IV(b)(6) reads as follows:

The Insurer shall not be liable to make any payments for loss in connection with any claim against the Assureds; (6) For any amounts due, under the terms of *any contractual obligation,* ...

(Emphasis added.)

In count I of its complaint against the plaintiffs Central Penn Bank alleged that the plaintiffs had breached their *contract* with Juniata College. Count II alleged that the plaintiffs breached their *duty* to Juniata College. Appellant claims that the court below erred in finding that Count II's allegations brought the matter under the policy's cover, since, appellant argues, plaintiffs' duty to Juniata could only exist as a result of plaintiffs contractual relationship with Juniata. Appellant therefore argues that any and all claims against plaintiffs are properly considered to be breach of contract claims.

To resolve this issue we look again to the insurance contract's clear and unambiguous language which reveals that at Paragraph I(a) the appellant agreed to cover the plaintiffs for claims made against them for any "wrongful act" occurring during the policy period. "Wrongful act" is defined at Para-

graph III(c) as meaning any "... neglect of duty by the Assured in the discharge of their duties." This is precisely the claim made by the Bank at paragraphs 12 and 13 of Count II of its complaint against plaintiffs herein. Thus, Count II of the Bank's complaint against plaintiffs is clearly within the scope of the policy and appellant is not entitled to relief on this claim of error.[3]

Finally, appellant argues that any payment by them to plaintiffs would result in plaintiffs unjust enrichment since the plaintiffs did not suffer an "actual loss".

As we have already held that the plaintiffs did suffer a loss as that word is defined in the parties contract of insurance, appellants last claim must necessarily fail.

Accordingly, as the court below did not err in entering judgment against the appellant, its order is affirmed.

Order affirmed.

3. We note that, were we to accept appellant's argument, that portion of the policy in which the Assureds were supposedly covered for their "wrongful acts" could never afford them relief since all of their acts would be contractual in nature and thus excluded under the policy. We refuse to adopt this interpretation of the contract's unambiguous language.