688 A.2d 177

**William A. WARNER, Jr., Appellant,**

v.

**CONTINENTAL/CNA INSURANCE COMPANIES, Appellee.**

Superior Court of Pennsylvania.

Argued Oct. 1, 1996.

Filed Dec. 13, 1996.

Reargument Denied Feb. 25, 1997.

296

Steven C. Gillman, Philadelphia, for appellant.

John M. Defeo, Philadelphia, for appellee (submitted).

Before McEWEN, President Judge, and EAKIN and HOFFMAN, JJ.

McEWEN, President Judge.

We here consider an appeal from the order which denied the petition of appellant, William A. Warner, Jr., to compel the appointment of a defense and a neutral arbitrator so as to enable appellant to arbitrate his claim for underinsured motorist benefits. We are constrained to reverse and remand for arbitration.

Appellant, a 24–year–old employee of J.C. Heating, Inc., was involved in a motor vehicle accident on December 30, 1993, while operating a vehicle owned by his employer and acting within the course and scope of his employment. Appellant was paid $8,227.94 in workmen's compensation benefits by Continental Insurance Company pursuant to a policy of work-

men's compensation insurance which had been issued to J.C. Heating, Inc., by Continental.

Appellant instituted suit against the driver of the other vehicle involved in the accident and settled the action prior to trial for payment of $32,509.00, a sum which represented the tortfeasor's policy limits of $35,000.00 reduced by the $2,491.00 paid by the tortfeasor to J.C. Heating, Inc., for property damage to its vehicle. Appellant then made a claim for underinsured motorist benefits upon Continental, as the company which had issued a policy of motor vehicle insurance applicable to the vehicle driven by appellant at the time of the accident and owned by his employer, J.C. Heating, Inc.[1] Continental Insurance Company denied coverage and refused the request of appellant to arbitrate the claim for underinsured motorist benefits based upon its determination that appellant was precluded from recovery of such benefits by virtue of the exclusivity provisions of the Pennsylvania Workers' Compensation Act, 77 P.S. § 481.

Appellant Warner filed a petition to compel arbitration in the Court of Common Pleas of Bucks County and appellee Continental filed an answer, new matter, and a counterclaim under the Declaratory Judgments Act, 42 Pa.C.S. §§ 7531 *et seq.*, requesting that the court enter a declaratory judgment against appellee Warner on the issue of the bar of the Workers' Compensation Act. The distinguished Judge Michael J. Kane denied the petition to compel and granted the declaratory judgment, finding that a claim for underinsured motorist

1. The priority of coverages established under the MVFRL provides for an injured person to proceed first against the policy applicable to the vehicle occupied by the injured claimant and then to proceed against policies under which the claimant is a named insured. *See:* 75 Pa.C.S. § 1733; *State Farm Insurance Co. v. Ridenour,* 435 Pa.Super. 463, 467–469, 646 A.2d 1188, 1190 (1994), *allo. denied,* 540 Pa. 585, 655 A.2d 516 (1994). The policy issued to J.C. Heating, Inc., by Continental Insurance provided, in conformity with Section 1733 of the MVFRL, for the following priorities of recovery of underinsured motorist benefits:

   First The Underinsured Motorists Coverage applicable to the vehicle the "insured" was "occupying" at the time of the "accident".
   Second The Coverage Form or policy affording Underinsured Motorists Coverage to the "insured" as a named insured or family member.

benefits by appellant against the policy of motor vehicle insurance applicable to his employer's vehicle was barred by the exclusivity provisions of Section 303 of the Pennsylvania Workers' Compensation Act, 77 P.S. § 481.

Appellant contends that the trial court (1) erred in entertaining the counterclaim for a declaratory judgment, (2) erred in determining the merits of the controversy where there was a valid agreement to arbitrate, and (3) erred as well when it concluded that the repeal of Section 1737[2] of the Motor Vehicle Financial Responsibility Act, by the Act of July 2, 1993, P.L. 190, No. 44, § 25(a), precluded recovery by an employee of underinsured motorist benefits under a policy of motor vehicle insurance purchased by his or her employer. Although we find that the declaratory judgment action was properly before the trial court, and agree with the learned trial judge that he could properly rule on the merits of the controversy despite the existence of a valid arbitration agreement, we hold, for reasons appearing hereinafter, that an employee, injured in the course and scope of his employment, is not precluded, *solely* as a result of the application of Section 303 of the Workers' Compensation Act, 77 P.S. § 481(a), from seeking underinsured or uninsured motorist benefits where those optional coverages are provided by a policy of insurance issued to or purchased by his or her employer.

## I. *PROCEDURAL POSTURE*

Initially, we note that this appeal from an order denying a petition to compel arbitration is properly before us:

**2.** Section 1737 formerly provided:

Notwithstanding anything contained in the act of June 2, 1915 (P.L. 736, No. 338), known as The Pennsylvania Workmen's Compensation Act, no employee who is otherwise eligible shall be precluded from recovery of uninsured or underinsured motorist benefits from an employer's motor vehicle policy under this chapter or the act of August 14, 1963 (P.L. 909, No. 433) entitled "An act requiring, with limitations, that insurance policies insuring against loss, occurring in connection with motor vehicles provide protection against certain uninsured motorists [the Uninsured Motorist Act]."

75 Pa.C.S. § 1737 (repealed).

Pennsylvania Rule of Appellate Procedure 311(a) provides that an interlocutory appeal may be taken as of right from, *inter alia*, "[a]n order which is made appealable by statute or general rule." Pa.R.A.P. 311(a)(8). Section 7320(a)(1) of the Uniform Arbitration Act provides in pertinent part that an appeal may be taken from "[a] court order denying an application to compel arbitration...." 42 Pa.C.S. § 7320(a)(1).

*Goral v. Fox Ridge, Inc.*, 453 Pa.Super. 316, 320 n. 1, 683 A.2d 931, 933 n. 1 (1996). Moreover, the order entered in response to the request for declaratory judgment was also a final, appealable order. *Redevelopment Authority of Cambria Co. v. International Insurance Co.*, 454 Pa.Super. 374, 382–83, 685 A.2d 581, 586 (1996) (en banc). Having determined that this appeal is properly before us, we must address the question of whether appellee could properly include in its answer a counterclaim seeking a declaratory judgment where the policy provided for arbitration of disputes concerning entitlement to underinsured motorist benefits.[3]

Section 7533 of the Judicial Code provides:

**3.** While the policy arguably provided for arbitration of *only* (1) the issue of the liability of the tortfeasor, and (2) the issue of the amount of damages sustained by the insured, resolution of the exact scope of the arbitration clause is unnecessary for purposes of this appeal. *Cf. Clark v. State Farm*, 410 Pa.Super. 300, 311–313, 599 A.2d 1001, 1007 (1991). The policy, issued by appellee to appellant's employer, provided in relevant part:

a. **If we and an "insured" disagree whether the "insured" is legally entitled to recover damages from the owner or driver of an "underinsured motor vehicle" or do not agree as to the amount of damages,** either party may make a written demand for arbitration. Each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. Each party will pay the expenses it incurs and bear the expenses of the third arbitrator equally. [emphasis supplied]

b. Arbitration shall be conducted in accordance with the Pennsylvania Uniform Arbitration Act. Unless both parties agree otherwise, arbitration will take place in the county in which the "insured" lives. Local rules of law as to arbitration procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding.

## § 7533. Construction of documents

Any person interested under a deed, will, written contract, or other writings constituting a contract, or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise, and obtain a declaration of rights, status, or other legal relations thereunder.

42 Pa.C.S. § 7533.

An action for declaratory judgment is available to obtain a declaration of the existing legal rights, duties, or status of the parties where the declaration will aid in the determination of a genuine, justiciable controversy. *Fidelity Bank v. Pennsylvania Turnpike Commission,* 498 Pa. 80, 88–90, 444 A.2d 1154, 1159 (1982); *Nationwide Mutual Insurance Co. v. Cummings,* 438 Pa.Super. 586, 590–591 n. 5, 652 A.2d 1338, 1340 n. 5 (1994), *allo. denied,* 540 Pa. 650, 659 A.2d 988 (1995). A declaratory judgment action is particularly appropriate in construing contracts of insurance in order to determine whether an insurer is obligated to defend and/or indemnify one claiming under the policy. *Liberty Mutual Insurance Co. v. S.G.S. Co.,* 456 Pa. 94, 95–99, 318 A.2d 906, 907–908 (1974); 42 Pa.C.S. § 7533 (construction of documents). *See also: Redevelopment Authority of the City of Philadelphia v. Insurance Company of North America,* 450 Pa.Super. 256, 675 A.2d 1256 (1996). The proper construction of an insurance policy is an issue which may be resolved as a matter of law in a declaratory judgment action. *Alexander v. CNA Insurance Co.,* 441 Pa.Super. 507, 509–511, 657 A.2d 1282, 1284 (1995).

*Redevelopment Authority v. International Insurance Co.,* supra at 383, 685 A.2d at 585–86.

■ Appellant concedes that declaratory judgment actions are generally available to resolve issues arising under a contract, but argues that a declaratory judgment was not available to appellee in the instant case due to the agreement to

arbitrate *all* coverage issues.[4]   This Court has repeatedly held that, where there is a valid arbitration agreement, disputes arising under the policy and encompassed within the arbitration clause must be referred to the arbitrators.  *See, e.g.: Brennan v. General Accident Fire and Life Assurance Corp., Ltd.,* 524 Pa. 542, 574 A.2d 580 (1990); *Baverso v. State Farm Insurance Co.,* 407 Pa.Super. 164, 595 A.2d 176 (1991); *Nationwide Mutual Insurance Co. v. Pitts,* 400 Pa.Super. 269, 583 A.2d 489 (1990); *Lamar v. Colonial Penn Insurance Co.,* 396 Pa.Super. 527, 578 A.2d 1337 (1990); *Anderson v. Erie Insurance Group,* 384 Pa.Super. 387, 558 A.2d 886 (1989); 42 Pa.C.S. § 7541(c)(2).

However, both this Court and the Supreme Court have repeatedly approved the use of a declaratory judgment action despite the presence of an arbitration agreement, where the disputed issue is whether a particular provision of an insurance policy is contrary to a constitutional, legislative, or administrative mandate.  *See, e.g.: Azpell v. Old Republic Insurance Co.,* 526 Pa. 179, 182–184, 584 A.2d 950, 952 (1991); *Hall v. Amica Mutual Insurance Co.,* 538 Pa. 337, 340–344, 648 A.2d 755, 757–758 (1994); *Federal Kemper Insurance Co. v. Wales,* 430 Pa.Super. 208, 209–211, 633 A.2d 1212, 1213 (1993); *Clark v. State Farm Automobile Insurance Co.,* 410 Pa.Super. 300, 304–306, 599 A.2d 1001, 1003 (1991); *Sands v. Andino,* 404 Pa.Super. 238, 242–244, 590 A.2d 761, 763 (1991), *allo. denied,* 529 Pa. 641, 600 A.2d 1259 (1991); *Davis v. Government Employees Insurance Co.,* 500 Pa. 84, 88 n. 5, 454 A.2d 973, 975 n. 5 (1982).   The Supreme Court, in fact, tacitly approved the precise procedure employed by the appellee in the instant case in *Windrim v. Nationwide Insurance Co.,* 537 Pa. 129, 641 A.2d 1154 (1994).   *See also: Jeffrey v. Erie Insurance Exchange,* 423 Pa.Super. 483, 621 A.2d 635 (1993) (en banc), *allo. denied,* 537 Pa. 651, 644 A.2d 736 (1994); *Clark v. State Farm Automobile Insurance Co.,* supra at 304–305, 599 A.2d at 1003.

**4.**  As heretofore noted, the arbitration clause contained in the Continental Insurance Company policy does **not** provide for arbitration of **all** issues which could possibly arise under the policy.  *See, e.g.: Federal Kemper Insur. Co. v. Wales,* 430 Pa.Super. 208, 633 A.2d 1212 (1993).

Thus, the trial court properly entertained the counterclaim requesting declaratory relief despite the arbitration clause[5] since appellee claimed that a legislative mandate, the Workers' Compensation Act, precluded enforcement of the express provisions of the contract.

## II. *UNDERINSURED MOTORIST BENEFITS*

We may, therefore, proceed to review the ultimate issue presented by this appeal—whether an employee injured in the course and scope of his employment while operating a motor vehicle owned by his employer and insured under a policy which specifically provides optional underinsured and uninsured motorist benefits, is precluded from recovering underinsured benefits otherwise available to him or her under the insurance policy, solely as a result of the application of the exclusivity provisions of Section 303 of the Workers' Compensation Act, 77 P.S. § 481(a). We determine that an injured employee is not precluded from recovering underinsured motorist benefits otherwise available under the express terms of the policy **solely** as a result of the exclusivity provisions of the Workmen's Compensation Act.

The policy issued to J.C. Heating, Inc., by Continental Insurance defined any individual occupying a covered vehicle as an "insured" and provided, *inter alia*, for underinsured motorist benefits for "all sums the 'insured' is *legally entitled to recover as damages from the owner or driver of an 'underinsured motor vehicle'*." There was no exclusion contained in the policy for employees or business activities.

The principles governing the interpretation of insurance contracts are well-settled. Review is directed at ascertaining the intent of the parties as manifested by the written instrument. Where the provision of a policy is ambiguous, the policy provision is construed in favor of the insured and against the insurer, the drafter of the instrument. Where the language of an insurance contract is clear and unambig-

5. As previously noted, we have assumed, *solely* for purposes of this appeal, that the instant dispute was, in fact, one included within the arbitration clause.

uous, a court is required to give effect to that language. *Standard Venetian Blind Co. v. American Empire Insurance Co.*, 503 Pa. 300, 305, 469 A.2d 563, 566 (1983). A court may not "rewrite" an insurance contract, or construe clear and unambiguous language to mean other than what it says. *Guardian Life Insurance Co. v. Zerance*, 505 Pa. 345, 353, 479 A.2d 949, 953 (1984); *Patterson v. Reliance Insurance Cos.*, 332 Pa.Super. 592, 595, 481 A.2d 947, 949 (1984). *Jeffrey v. Erie Insurance Exchange*, 423 Pa.Super. 483, 489, 621 A.2d 635, 638 (1993) (en banc). "Where the policy language is clear, the contract will be applied as written." *Bowers v. Estate of Feathers*, 448 Pa.Super. 263, 268, 671 A.2d 695, 697 (1995), *quoting Insurance Company of the State of Pennsylvania v. Hampton*, 441 Pa.Super. 382, 385, 657 A.2d 976, 977–978 (1995), *allo. denied*, 542 Pa. 647, 666 A.2d 1056 (1995). *Accord: Alexander v. CNA Insurance Co.*, 441 Pa.Super. 507, 509–511, 657 A.2d 1282, 1284 (1995), *allo. denied*, 543 Pa. 689, 670 A.2d 139 (1995). Thus, unless the Motor Vehicle Financial Responsibility Law or the Workmen's Compensation Act specifically prohibits recovery by an employee of underinsured motorist benefits under a policy purchased by or issued to his or her employer, it cannot reasonably be disputed that appellant is entitled to arbitrate the issue of the amount of underinsured motorist benefits he is entitled to recover pursuant to the policy issued to J.C. Heating, Inc., by Continental Insurance Company.

Appellee argued and the trial court agreed that the exclusivity provisions of Section 303 of the Workers' Compensation Act, 77 P.S. § 481(a), precluded any recovery by appellant of the underinsured motorist benefits provided by his employer's motor vehicle insurance policy. Section 303 provides:

§ 481. **Exclusiveness of remedy; actions by and against third party; contract indemnifying third party**

(a) **The liability of an employer under this act shall be exclusive** and in place of any and all other liability to such employe, his legal representative, husband or wife, parents, dependents, next of kin or anyone otherwise entitled to damages in any action at law or otherwise on account of any

injury or death as defined in section 301(c)(1) and (2) or occupational disease as defined in section 108.

(b) In the event injury or death to an employe is caused by a third party, then such employe, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to receive damages by reason thereof, may bring their action at law against such third party, but the employer, his insurance carrier, their servants and agents, employes, representatives acting on their behalf or at their request shall not be liable to a third party for damages, contribution, or indemnity in any action at law, or otherwise, unless liability for such damages, contributions or indemnity shall be expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action.

77 P.S. § 481 (footnotes omitted)(emphasis supplied).

As a result of the application of Section 303, the courts of this Commonwealth have held, in cases decided prior to the amendments to the MVFRL which made uninsured/underinsured motorist coverages optional, that an employee, injured in a motor vehicle accident within the course and scope of his employment, could not seek underinsured or uninsured motorist benefits from a self-insured employer due to the exclusivity provisions of Section 303 of the Workers' Compensation Act, 77 P.S. § 481, since such benefits would be obtained directly from the employer. *See, e.g.: Hackenberg v. SEPTA,* 526 Pa. 358, 368–369, 586 A.2d 879, 884 (1991); *Lewis v. School District of Philadelphia,* 517 Pa. 461, 469–471, 538 A.2d 862, 866 (1988); *Jenkins v. City of Philadelphia,* 423 Pa.Super. 588, 590–592, 621 A.2d 689, 691 (1993). Those same courts, however, also held in those cases arising prior to the 1993 amendments to the MVFRL that, where the employer had purchased an insurance policy providing uninsured or underinsured motorist coverages, the Workers' Compensation Act was *not* a bar to recovery of those *State Farm Insurance Co. v. Ridenour,* 435 Pa.Super. 463, 590–592, 646 A.2d 1188, 1190 (1994), *allo. denied,* 540 Pa. 585, 655 A.2d 516 (1994)(plaintiff employee's claim for underinsured motorist benefits against

employer's policy not barred by exclusivity clause of Workers' Compensation Act); *Boris v. Liberty Mutual Insurance Co.,* 356 Pa.Super. 532, 515 A.2d 21 (1986)(plaintiff employee entitled to recover underinsured motorist benefits under insurance policy issued to employer).

Appellee argued, and the trial court in the instant case concluded, however, that the amendments to the MVFRL and the Workers' Compensation Act reflect an intent by the legislature to preclude recovery of uninsured and underinsured motorist benefits by employees injured within the course and scope of their employment, even where the employer has purchased these now optional coverages for the benefit of his or her employees.

Since the decision in *State Farm Insurance Co. v. Ridenour, supra,* our legislature has amended the Workers' Compensation Act so as to repeal that portion of Section 1720 [6] of the MVFRL which prohibited subrogation against a claimant's tort recovery by a workmen's compensation insurance carrier who has paid benefits to the claimant. *See:* Section 25(b) of the Act of July 2, 1993, P.L. 190, No. 44 (hereinafter "Act 44"). Prior to Act 44, subrogation against a tort recovery was prohibited by the express terms of the MVFRL, 75 Pa.C.S. § 1720. *See, e.g.: Fulmer v. Commonwealth of Pennsylvania, Pennsylvania State Police,* 167 Pa.Cmwlth. 60, 64–66, 647 A.2d 616, 619 (1994); *Allstate Insurance Co. v. McFadden,* 407 Pa.Super. 537, 595 A.2d 1277 (1991), *allo. denied,* 529 Pa. 644, 602 A.2d 855 (1992). As noted by this Court in *Schroeder v. Schrader,* 453 Pa.Super. 59, 682 A.2d 1305 (1996):

Effective August 31, 1993, revisions to the Workers' Compensation Act repealed sections 1720 and 1722 to the extent

**6.** Section 1720 provides:

In actions arising out of the maintenance or use of a motor vehicle, there shall be no right of subrogation or reimbursement from a claimant's tort recovery with respect to worker's compensation benefits, benefits available under section 1711 (relating to required benefits), 1712 (relating to availability of benefits) or 1715 (relating to availability of adequate limits) or benefits paid or payable by a program, group contract or other arrangement whether primary or excess under section 1719 (relating to coordination of benefits). 75 Pa.C.S. § 1720.

that they relate to workers' compensation payments or other benefits under that Act.

Thus, before the amendment, a claimant could not recover amounts paid or payable under workers' compensation and, balanced against that provision, a workers' compensation carrier had no right of subrogation for workers' compensation benefits. By contrast, after the 1993 amendments, a plaintiff's recovery is not reduced by the amount of workers' compensation benefits, and the workers' compensation carrier has the right of subrogation for any benefits paid in connection with the action.

*Id.* at 63–64, 682 A.2d at 1307. The Act of July 2, 1993, P.L. 190, No. 44, § 24(a) also repealed Sections 1735 and 1737 of the MVFRL. Section 1737 of the MVFRL formerly provided:

Notwithstanding anything contained in the act of June 2, 1915 (P.L. 736, No. 338), known as The Pennsylvania Workmen's Compensation Act, no employee who is otherwise eligible shall be precluded from recovery of uninsured or underinsured motorist benefits from an employer's motor vehicle policy under this chapter or the act of August 14, 1963 (P.L. 909, No. 433) entitled "An act requiring, with limitations, that insurance policies insuring against loss, occurring in connection with motor vehicles provide protection against certain uninsured motorists [the Uninsured Motorist Act]."

75 Pa.C.S. § 1737, *repealed by* the Act of July 2, 1993, P.L. 190, No. 44, § 25(a). Section 1735 of the MVFRL formerly provided:

The coverages required by this subchapter [subchapter C; uninsured and underinsured motorist coverage] shall not be made subject to an exclusion or reduction in amount because of any workers' compensation benefits payable as a result of the same injury.

75 Pa.C.S. § 1735, *repealed by* the Act of July 2, 1993, P.L. 190, No. 44, § 25(a). Thus, the issue becomes whether the legislature intended to preclude an employer from purchasing optional underinsured and uninsured coverages for the benefit

of his or her employees, even though the legislature did not, in the amendments to the MVFRL enacted by Act 44, specifically express such an intention. In light of the prior case law which the legislature was well aware of when it enacted the Act 44 amendments, we are unable to conclude that the legislature intended that the provisions of Section 303 of the Workers' Compensation Act would preclude recovery of underinsured motorist benefits by an injured employee under a policy issued to his or her employer, where those amendments to the MVFRL have made the purchase of underinsured and uninsured motorist benefits optional and have granted the workmen's compensation carrier the right of subrogation.

The fact that such coverages are optional brings this case within the reasoning of the Supreme Court in *Wagner v. National Indemnity Co.*, 492 Pa. 154, 422 A.2d 1061 (1980) where the Court, in finding the employer immune from a suit for no fault benefits, dismissed the argument of appellant that if a no fault carrier could assert Section 303 immunity:

> "an insurer providing life insurance benefits could likewise avoid liability under section 303. Appellant overlooks the fact that *employers must provide* no fault coverage and workmen's compensation coverage. *Any fringe benefits* such as life insurance or disability insurance are voluntarily bargained for and have an independent contractual vitality. The employer or his insurance carrier for these fringe benefits would be in our view, precluded from asserting the section 303 immunity."

*Wagner v. National Indemnity Co.*, *supra* at 166, 422 A.2d at 1067.

Similarly the Superior Court in *Boris v. Liberty Mutual Insurance Co.*, 356 Pa.Super. 532, 515 A.2d 21 (1986) found that the section 303 employer immunity was inapplicable in an action against the employer's insurer for underinsured motorist benefits:

> In the face of a proliferation of suits initiated by injured employees, the Workmen's Compensation Act was enacted to provide an efficient means of compensating aggrieved workers without litigating the issue of employer negligence.

Recovery under the Act is a complete replacement for suit against the employer; the employee receives the statutory recompense for his work-related injury, and may not then seek to litigate those same damages. *See generally U.S. v. Demko,* 385 U.S. 149, 87 S.Ct. 382, 17 L.Ed.2d 258 (1966); 42 Pennsylvania Law Encyclopedia 1 (1975). Further, the Act specifically provides that the employer's insurance carrier shall enjoy the same freedom from suit as does the employer itself. 77 P.S. § 501. This is entirely logical as it relates to the carrier of no-fault insurance benefits, for such coverage ultimately results in litigation of the employer's negligence despite the fact that the employer was not sued directly by the employee.

However, the employer's freedom from suit under the Workmen's Compensation Act does not logically extend to the carrier of uninsured motorist benefits. **The injured employee who seeks such coverage asserts only that he was injured at the hands of some third party who was not adequately insured. The employer cannot be implicated in such wrongdoing in the slightest.** Indeed, the law is clear that when an employee seeks to recover damages from some third party, the employer may not be joined as an additional defendant or involuntary plaintiff. *Heckendorn v. Consolidated Rail Corp.,* 502 Pa. 101, 465 A.2d 609 (1983); *Anskis v. Fischer,* 326 Pa.Super. 374, 474 A.2d 287 (1984); *Bartley v. Concrete Masonry Corp.,* 322 Pa.Super. 207, 469 A.2d 256 (1983); *Kelly v. The Carborundum Company,* 307 Pa.Super. 361, 453 A.2d 624 (1982), *aff'd.,* 504 Pa. 238, 470 A.2d 969 (1984).

Naturally, the Workmen's Compensation Act makes no mention of recovery under the earlier-passed Uninsured Motorist Act. A claim submitted under the latter is wholly unrelated to the employer's activities and gives no cause for the employer to assert any sort of "immunity". In turn, there is no freedom from suit for the uninsured motorist carrier to "borrow" in this context. In sum, the fact that an employee's claim for uninsured motorist benefits only addresses the wrongs of a third party, and not the employer,

takes a claim for such benefits outside the scope of the "immunity" created by the Workmen's Compensation Act. *Boris v. Liberty Mutual Insur. Co., supra* at 537–538, 515 A.2d at 24 (emphasis supplied).

Most recently, the Supreme Court, in *Panichelli v. Liberty Mutual Insurance Group*, 543 Pa. 114, 669 A.2d 930 (1996), held that amounts received by an injured employee as sick pay and social security benefits may not be considered by an insurer in determining the income loss benefits due to the employee under a policy issued in conformity with the MVFRL. The Supreme Court explained:

Panichelli's receipt of both employer provided sick leave benefits and social security disability benefits, as well as full income loss benefits, does not result in "double dipping". These are benefits for which the employee has paid in the form of lower wages for the sick leave benefits and in the form of payroll deductions for the social security benefits. Thus, in receiving his sick leave pay, Panichelli was exhausting his earned employee benefit. Similarly, Panichelli has paid for social security disability benefits through payroll deductions, and he is now drawing on these benefits because his accident has rendered him unable to work. Liberty Mutual would have us lose sight of the fact that Panichelli has paid for his income loss benefits through premiums he paid Liberty Mutual with his own funds. He is entitled to income loss benefits under his policy in the full amount of his income loss without any offset for sick pay or social security benefits received by him.

*Panichelli v. Liberty Mutual Insurance Group, supra* at 118, 669 A.2d at 932–933.

Nor is the purpose of the Workers' Compensation Act furthered by precluding recovery of uninsured or underinsured motorist benefits by an employee where, pursuant to the 1993 amendments to the MVFRL, the workmen's compensation insurance carrier has the right to seek subrogation for all sums paid to or on behalf of the injured claimant. Allowing the injured employee to recover underinsured or uninsured motorist benefits from his or her employer's motor vehicle

insurer will create a fund against which the employer's workmen's compensation carrier can exert its subrogation lien. Where our legislature, aware of the prior appellate court precedent which specifically permitted the recovery of uninsured and underinsured motorist benefits from an employer's motor vehicle insurer, did not expressly provide in the recent amendments to the Acts that recovery of optional uninsured/underinsured motorist benefits under a policy of insurance issued to the claimant's employer was prohibited, we cannot conclude that the express terms of section 303 of the Workers' Compensation Act bar recovery of uninsured/underinsured benefits otherwise available to an injured employee. Thus it is that we vacate the order which granted judgment in favor of appellee and remand for entry of an order directing the parties to select their arbitrators and proceed to arbitration.

Order vacated.   Case remanded.   Jurisdiction relinquished.