## Koptchak v. Travelers Insurance Co.

C.P. of Clearfield County, no. 96-909-CD.

*David M. DeMay,* for plaintiff.
*Tracey G. Benson,* for defendant.

REILLY, *P.J.*, March 17, 1997—The facts are not in dispute. Defendant Travelers Insurance Company issued a commercial automobile insurance policy to King Coal Sales Inc. On June 13, 1995, plaintiff Rick Koptchak, an employee of King Coal, suffered injuries from a motor vehicle accident which occurred while Koptchak was driving a vehicle owned by King Coal. Thereafter, King Coal issued a notice of compensation payable, enabling Koptchak to receive workmen's compensation

benefits. Koptchak has since asserted a claim for uninsured motorist benefits under the automobile insurance policy issued by Travelers to King Coal. Koptchak alleges that his work-related accident was caused by a "phantom vehicle," thus rendering Koptchak entitled to uninsured motorist benefits.

Travelers has denied Koptchak's entitlement to assert a claim for uninsured motorist benefits and Koptchak has filed an action for declaratory judgment to determine his rights. Travelers has filed an answer, new matter, and counterclaim thereto. In its counterclaim, Travelers seeks a declaratory judgment precluding Koptchak from pursuing a claim for uninsured motorist benefits. This court now considers motions for judgment on the pleadings filed on behalf of both parties pursuant to the Pennsylvania Rules of Civil Procedure. 42 Pa.C.S. Rule 1034 (Supp. 1996).

Initially, this court notes that "[a] motion for judgment on the pleadings should be granted only where the pleadings demonstrate that no genuine issue of fact exists, and the moving party is entitled to judgment as a matter of law." *Kelly v. Nationwide Insurance Co.,* 414 Pa. Super. 6, 9, 606 A.2d 470, 471 (1992). In the instant case, both parties seek a declaratory judgment which is available to obtain relief from uncertainty and insecurity with respect to rights, status, and other legal relations. 42 Pa.C.S. §7531 et seq. (1982) (Declaratory Judgment Act); *Fidelity Bank v. Pennsylvania Turnpike Commission,* 498 Pa. 80, 444 A.2d 1154 (1982). Based on the pleadings, this court must therefore determine if either party is entitled to a declaration of their existing legal rights. For the forgoing reasons, this court is satisfied that plaintiff Koptchak is entitled to a declaration entitling him to pursue a claim for uninsured motorist benefits against Travelers Insurance.

In his complaint, Koptchak avers that his claim for uninsured motorist coverage is not barred by the exclusivity provision of the Workers' Compensation Act. The provision cited provides:

"Section 481. Exclusiveness of remedy; actions by and against third party; contract indemnifying third party

"(a) The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employees, his legal representative, husband or wife, parents, dependents, next of kin or anyone otherwise entitled to damages in any action at law or otherwise on account of any injury or death as defined in section 301(c)(1) and (2) or occupational disease as defined in section 108." 77 Pa.C.S. §481(a) (1992).

In opposition, Travelers avers that Koptchak's remedy is limited by section 481 of the Workers' Compensation Act, and that Koptchak's claim for uninsured motorist benefits is barred by the 1993 amendments to the Pennsylvania Motor Vehicle Financial Responsibility Law.[1]

---

1. The 1993 amendments repealed the following sections of the MVFRL which allowed recovery of uninsured motorist benefits despite provisions of the Workers' Compensation Act.

Section 1735 of the MVFRL formerly provided:

"The coverages required by this subchapter shall not be made subject to an exclusion or reduction in amount because of any workers' compensation benefits payable as a result of the same injury." 75 Pa.C.S. §1735 (1996), repealed by the Act of July 2, 1993, P.L. 190, no. 44, §25(a).

Section 1737 of the MVFRL formerly provided:

"Notwithstanding anything contained in the Act of June 2, 1915 (P.L. 736, no. 338) known as The Pennsylvania Workers' Compensation Act, no employee who is otherwise eligible shall be precluded from recovery of uninsured or underinsured motorist benefits from an employer's motor vehicle policy . . . ." 75 Pa.C.S. § 1737 (1996), repealed by the Act of July 2, 1993, P.L. 190, no. 44, §25(a).

This court has reviewed the case law and is unable to conclude that "the express terms of section [481] of the Workers' Compensation Act bar recovery of uninsured/underinsured benefits otherwise available to an injured employee." *Warner v. Continental/CNA Insurance Co.*, 455 Pa. Super. 295, 311, 688 A.2d 177, 185 (1996). In *Warner*, three members of our Superior Court vacated the trial court's denial of appellant's petition to compel arbitration. The appellant in *Warner* was injured while operating a vehicle owned by his employer, J.C. Heating. Continental Insurance paid appellant workmen's compensation benefits pursuant to an insurance policy issued to J.C. Heating. Thereafter, appellant made a claim for underinsured motorist benefits upon Continental Insurance, as the company that had issued the policy to J.C. Heating. Relying on the exclusivity provision of the Pennsylvania Workers' Compensation Act, Continental denied appellant coverage and refused to arbitrate the claim for underinsured motorist benefits.

Appellant filed a petition to compel arbitration with the Court of Common Pleas of Bucks County. Continental Insurance filed an answer, new matter, and counterclaim seeking a declaratory judgment that appellant's claim is barred by the exclusivity provision of the Workers' Compensation Act. The trial court denied appellant's petition to compel and granted declaratory judgment in favor of Continental Insurance.

On appeal, Continental Insurance argued that the exclusivity provision of the Workers' Compensation Act precludes appellant from recovering underinsured motorist benefits. Continental further argued that the 1993 amendments to the MVFRL reflect the legislative intent to preclude recovery of uninsured and underinsured motorist benefits to employees, even when the employer has purchased the needed insurance.

In vacating the trial court's holding, the Superior Court reasoned that "unless the Motor Vehicle Financial Responsibility Law or the Workers' Compensation Act specifically prohibits recovery by an employee of underinsured motorist benefits under a policy purchased by or issued to his or her employer, it cannot reasonably be disputed that appellant is entitled to arbitrate the issue of the amount of underinsured motorist benefits he is entitled to [receive]. . . ." *Id.* at 304, 688 A.2d at 182.

Furthermore, the court noted that in cases arising prior to the 1993 amendments to the MVFRL, the Workers' Compensation Act did not bar recovery of benefits when an employer purchased underinsured motorist coverage. *Id.* See *State Farm Insurance Co. v. Ridenour*, 434 Pa. Super. 463, 466, 646 A.2d 1188, 1190 (1994) (employee's claim for underinsured motorist benefits against employer's insurance company was not barred by exclusivity provision of Workers' Compensation Act). Finally, the court in *Warner* was "unable to conclude that the legislature intended that the provisions of section 303 of the Workers' Compensation Act would preclude recovery of underinsured motorist benefits by an injured employee under a policy issued to his or her employer, where those amendments to the MVFRL have made the purchase of underinsured and uninsured motorist benefits optional and have granted the workmen's compensation carrier the right of subrogation." *Id.* at 308, 688 A.2d at 183.

Moreover, the purpose of the Workers' Compensation Act is not furthered by precluding recovery of uninsured motorist benefits when amendments to the MVFRL enable the workers' compensation carrier to seek subrogation for all sums claimed. "Allowing the injured employee to recover underinsured or uninsured motorist

benefits from his or her employer's motor vehicle insurer will create a fund against which the employer's workmen's compensation carrier can exert its subrogation lien." *Id.* at 310-11, 688 A.2d at 185.

In contrast to the holding in *Warner* is the Pennsylvania Supreme Court's holding in *Ducjai v. Dennis,* 540 Pa. 103, 656 A.2d 102 (1995), which upheld the Superior Court's decision affirming the trial court's entry of summary judgment in favor of a co-employee. Julian Ducjai was injured in an automobile accident in which she was a passenger in an automobile owned and operated by Dawn Dennis. At the time of the accident, Ducjai and Dennis were employed by the Wilkes-Barre Y.M.C.A. Camp Kresge and were traveling from camp at the direction of the camp director. Ducjai received workers' compensation as a result of the accident and thereafter filed a civil complaint against Dennis. Ducjai alleged that she sustained injury as a result of Dennis' negligent operation of the vehicle. After various pleadings, Dennis moved for summary judgment, arguing a co-employee is immune from civil liability pursuant to section 72 of the Workers' Compensation Act. The trial court granted summary judgment in favor of Dennis, and Ducjai appealed to the Superior Court which affirmed.[2]

On appeal to the Supreme Court, Ducjai argued that sections of the MVFRL can be read to allow recovery separate from benefits received under the Workers' Compensation Act. In opposition to Ducjai, Dennis argued that provisions of the MVFRL do not supersede section 72 of the Workers' Compensation Act.[3] *Id.* at 107, 656 A.2d at 103.

---

2. *Ducjai v. Dennis,* 431 Pa. Super. 366, 636 A.2d 1130 (1994).

3 Section 72 of the Workers' Compensation Act provides:

"If disability or death is compensable under this act, a person shall not be liable to anyone at common law . . . while such person

In agreeing with Dennis' argument, the Supreme Court stated that "the repeal of sections 1735 and 1737 of the MVFRL in 1993 has assured that the double recovery sanctioned in *Chatham* [*infra,*] and *Ferry* [*infra,*] is no longer permitted." *Id.* at 112, 656 A.2d at 106. (footnote omitted) Furthermore, the Supreme Court agreed with the Superior Court's reasoning that "these changes in the law were intended by the legislature to proclaim the supremacy of the [Act's] exclusivity provision and to reaffirm the principle that an employee may not seek double recovery for a work-related injury. The legislature has tried time and again to make it clear that worker's [sic] compensation benefits are to be the exclusive remedy for employment-related injuries, save for those intentionally inflicted. Given the legislative treatment of the entire concept of worker's [sic] compensation, we cannot find any reasonable basis for concluding that the legislature intended to repeal [section] 72 of the [Act] by inference. Had the legislature intended to expand the remedies available to an employee injured in a motor vehicle accident, we believe it would have expressed that intent clearly (by including it in its recent amendments) rather than sub silentio." *Id.* at 112-13, 656 A.2d at 106, quoting *Ducjai v. Dennis,* 431 Pa. Super. at 379, 636 A.2d at 1137.

Although the court's statement concerning *Chatham v. Aetna Life & Casualty Co.,* 391 Pa. Super. 53, 570 A.2d 509 (1989) (holding an employee injured in a motor vehicle accident was entitled to receive both workmen's compensation and uninsured benefits from employer's insurer) and *Ferry v. Liberty Mutual Insurance Co.,* 392 Pa. Super. 571, 573 A.2d 610 (1990) (holding MVFRL provides separate source of recovery for employees injured by uninsured motorist that is

---

was in the same employ as the person disabled or killed, except for intentional wrong." 77 Pa.C.S. §72 (1992).

independent of remedy provided by Workers' Compensation Act) would appear to control the instant matter, this court finds an important distinction.

In *Ducjai*, the injured employee was receiving workers' compensation and seeking civil damages from a co-employee due to injuries sustained from the alleged negligence of the co-employee. In contrast, the appellant in *Warner* was receiving workers' compensation benefits and seeking to collect uninsured motorist benefits from his employer's insurer. Similar to the appellant in *Warner*, Koptchak is receiving workers' compensation benefits and. now seeks to collect uninsured motorist benefits from his employer's insurer, Travelers. Because Koptchak is seeking to collect uninsured motorist benefits like the appellant in *Warner,* this court finds the Superior Court's holding in *Warner* controlling in the instant matter. Therefore, this court shall grant judgment on the pleadings in favor of plaintiff Koptchak.

Wherefore, the court enters the following:

## ORDER

Now, March 17, 1997, consistent with the foregoing opinion, it is the order of this court as follows:

(1) Plaintiff's motion for judgment on the pleadings is hereby granted and plaintiff permitted to pursue a claim for uninsured motorist benefits against defendant.