STATE OF CONNECTICUT *v.* DONALD J. SLATER

REVIEW DIVISION OF THE SUPERIOR COURT

Decided February 28, 1963

*Donald J. Slater,* the defendant, pro se.

*John D. LaBelle,* state's attorney, for the state.

BY THE DIVISION. The defendant, age twenty-six, pleaded guilty to three counts of kidnapping and three counts of robbery with violence. He received a net effective sentence of not less than ten nor more than twenty years in the state prison. The penalty for kidnapping under General Statutes § 53-27 is not more than fifty years. The penalty for robbery with violence under § 53-14 is not more than twenty-five years.

During the evening hours of August 22, 1962, the defendant committed robbery upon two youthful couples in Hubbard Park in Meriden at gunpoint, and abducted the two females in their companions' car. He drove the girls to the American Legion field in Berlin. Thereafter, threatening them with a sexual assault, he made the girls disrobe. They were later released unharmed. On August 5, 1962, the defendant, after summoning a cab to a Newington service station, directed the driver to Berlin, Connecticut, where he robbed him of $40 and took the cab. The cab was later recovered in New Britain. On September 2, 1962, the defendant forced a young couple in Manchester to drive him to another location, at gunpoint. He then took the man's wallet and drove the girl off in her companion's car. Later he searched the girl's purse before departing. On September 8, 1962, the defendant, at gunpoint, forced a young male out of a parked car in a wooded section of Manchester. He then left with the latter's female companion. However, after riding around for some time, he returned and picked up the male companion and released them after arriving at Newington, Connecticut. On September 11, 1962, a similar attack on a youthful couple on a side road in Newington resulted in the apprehension of the defendant a short

distance from the robbery and abduction. A search of his person revealed a loaded revolver and twenty-two extra rounds of ammunition.

At the hearing it was defendant's claim that the sentence imposed was too harsh because at the time of the sentencing the court was influenced by an occurrence in Fairfield County where a life was taken and a young girl was violated. He further claimed that a reduced minimum sentence would help his rehabilitation. His prior criminal record is quite extensive and includes two incarcerations in Kansas and Texas.

The legal function of this division is to determine whether or not a particular sentence falls within a permissible range, considering the offense and the circumstances.

Considering the circumstances just reviewed, the facts of the case and the prior record of the defendant, the sentence imposed was fair and just and must stand.

HEALEY, LOISELLE and BOGDANSKI, Js., participated and concurred in this decision; however, HEALEY, J., died before affixing his signature to the opinion.