## STATE OF CONNECTICUT *v*. RICHARD A. DOREY

### REVIEW DIVISION OF THE SUPERIOR COURT

Decided January 26, 1965

*Robert J. Pigeon,* public defender, for the defendant.

*Joel H. Reed II,* state's attorney, for the state.

BY THE DIVISION. The defendant, age twenty-one, pleaded guilty to one count of breaking and entering with violence and was sentenced to state prison for a term of not less than twelve nor more than fifteen years. The pertinent statute involved, § 53-78, provides for a maximum penalty of not more than fifteen years.

On the evening of June 10, 1964, this defendant and three codefendants, Richard Dunn, David Eubanks and Vincent Quinn, conspired to break into the Mountain View Grocery Store in Tolland, Con-

necticut. After disguising themselves, they drove to their destination, and, with Quinn and Eubanks waiting in the automobile, Dorey and Dunn broke into the establishment.

The owner, Emanuel Oliveira, age sixty-five, who lived on the premises, awoke and attempted to thwart defendants' activities. He was brutally beaten on the head with a tire iron and left in a bleeding and weakened condition. The record discloses that the accused Dunn wielded the tire iron. Defendants then drove off and divided the $20 taken.

The prior criminal record of this accused is much more extensive than that of his codefendant Dunn, consisting of breaking and entering and theft of motor vehicles, resulting in a commitment to Cheshire reformatory. However, the record reveals that this defendant did not engage in the tire iron beating of the victim and that he, in fact, pulled his codefendant away from the victim, thereby precluding further beating of the victim by Dunn.

The presentence remarks disclose that the state's attorney made a recommendation to state's prison for a term of not less than four nor more than ten years. In so recommending, he took into consideration that this defendant will have to make his peace with the court at a later date in Hartford County for similar offenses.

The proper function of this division is to determine whether a particular sentence falls within a permissible and comparable range, in view of the offense, the prior record and the particular circumstances of the case. *State* v. *Slater*, 24 Conn. Sup. 385. In reviewing the above enumerated factors, the division feels that the sentence imposed was severe, and considering the recommendation of the state's attorney at the time of sentence, reduces the sentence to not less than six nor more than twelve years.

Accordingly, it is hereby ordered that the sentence of not less than twelve nor more than fifteen years as imposed upon this defendant should be modified and that he should be resentenced by the Superior Court to a term of not less than six nor more than twelve years in state prison.

BOGDANSKI, MEYERS and PALMER, Js., participated in this decision.