**Bostwick v. Thomas**

*Richard L. Vanderslice,* for plaintiff.
*David D. Engle,* for defendant Thomas.
*Fredrick Farber,* for defendant Ripka.
*Geoffrey S. Shuff,* for defendant PNC Bank.

RUEST, *J.,* November 12, 2009—Presently before the court is a complaint filed by plaintiff James S. Bostwick P.C. on February 4, 2008. Upon consideration of evidence presented at a non-jury trial and of proposed findings of fact and conclusions of law, the court finds in favor of defendants.

## PROCEDURAL HISTORY

Plaintiff filed a complaint against defendants on February 4, 2008, simultaneous with an application for

registration of foreign judgment. Defendant Connie J. Ripka filed an answer and new matter on February 25, 2008. Plaintiff filed an answer to defendant Ripka's new matter on April 16, 2008. Defendant PNC Bank N.A. subsequently filed an answer to plaintiff's complaint, new matter, and cross-claims on July 17, 2008. Defendant PNC's new matter and cross-claims were resolved by stipulation of the parties. Plaintiff filed a motion for summary judgment on March 17, 2009. Defendant Richard Todd Thomas filed an answer and new matter to plaintiff's complaint on June 4, 2009. The court denied plaintiff's motion for summary judgment in an opinion and order filed August 13, 2009. A non-jury trial was held on September 14, 2009.

Defendant Thomas and defendant Ripka filed post-trial briefs on the issue of damages.

## FINDINGS OF FACT

(1) Defendant Thomas was employed as a bookkeeper for plaintiff's law practice from 1995 through 2005.

(2) During the time he was employed by plaintiff, defendant Thomas embezzled funds from plaintiff's accounts for his own personal use.

(3) Plaintiff obtained a judgment against defendant Thomas in the Superior Court of Marin County, California, awarding $19,837,866.14 to plaintiff.

(4) On or about September 15, 2000, defendant Thomas purchased a home located at 125 Harvest Run Road in State College, Centre County, Pennsylvania.

(5) Defendant Thomas' mother, defendant Ripka, moved into the home shortly thereafter, where she continues to reside.

(6) Defendant Ripka did not pay rent for living in the home, but she maintained the property and added improvements to the house at her own expense.

(7) The home was conveyed by deed from defendant Thomas to defendant Ripka on or about February 15, 2006 for stated consideration of $1.

(8) Defendant Ripka encumbered the property with a mortgage from PNC Bank N.A., in the amount of $80,300.50 on February 27, 2006.

(9) Defendant Ripka placed a second mortgage on the property, also from PNC Bank N.A., in the amount of $5,000 on November 1, 2006.

(10) Defendant Ripka sent some of the proceeds of these mortgages, as cash via FedEx, to defendant Thomas in California.

(11) Defendant Ripka also used some of the proceeds to pay off an automobile loan and some other personal expenses.

(12) Defendant Ripka did not know about defendant Thomas' embezzlement before the home was conveyed to her.

(13) Defendant Ripka took out the first mortgage before she knew about defendant Thomas' embezzlement. Defendant Ripka knew about the embezzlement before she took out the second mortgage.

## CONCLUSIONS OF LAW

(1) Actual fraud requires proof by clear and convincing evidence. 12 Pa.C.S. §5104(a)(1); *Moser v DeSetta,* 527 Pa. 157, 589 A.2d 679 (1991); *Laughlin v. McConnel,* 201 Pa. Super. 180, 190 A.2d 921 (1963).

(2) Clear and convincing evidence is evidence that is so clear, direct, weighty, and convincing that it enables the trier of fact to come to a clear conviction without hesitance of the truth of the precise facts at issue. *Matter of Sylvester,* 521 Pa. 300, 555 A.2d 1202 (1989).

(3) "A transfer made . . . by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made . . . if the debtor made the transfer . . . with actual intent to hinder, delay, or defraud any creditor of the debtor[.]" 12 Pa.C.S. §5104(a)(1).

(4) The court must consider, among other factors, 11 factors in determining whether there was actual intent to hinder, delay, or defraud a creditor. 12 Pa.C.S. §5104(b). Those factors are whether:

(1) the transfer was to an insider;

(2) the debtor retained possession or control of the property transferred after the transfer;

(3) the transfer or obligation was disclosed or concealed;

(4) before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit;

(5) the transfer was of substantially all the debtor's assets;

(6) the debtor absconded;

(7) the debtor removed or concealed assets;

(8) the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred;

(9) the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred;

(10) the transfer occurred shortly before or shortly after a substantial debt was incurred; and

(11) the debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.

## DISCUSSION

Plaintiff contends defendant Thomas fraudulently conveyed the Harvest Run Road property to defendant Ripka, under both actual fraud and constructive fraud theories as defined by the Pennsylvania Uniform Fraudulent Transfer Act (PUFTA), 12 Pa.C.S. §5101 et seq. To succeed under a claim of fraud, plaintiff must prove, by clear and convincing evidence, that defendant Thomas acted "with actual intent to hinder, delay or defraud." 12 Pa.C.S. §5104(a)(1). The court will consider, among other factors, 11 factors in determining whether defendant Thomas had actual intent to defraud plaintiff.

The court previously addressed these 11 badges of fraud in its opinion and order dated August 13, 2009,

denying plaintiff's motion for summary judgment. These factors must be revisited in light of testimony and evidence presented at the non-jury trial on September 14, 2009.

The first factor considers whether the transfer was to an insider. Defendant Thomas concedes that the transfer at issue was made to an insider as it was between a parent and a child. The court does not need to address this factor further.

The second factor considers whether the debtor retained possession or control of the property transferred after the transfer of the legal title. Plaintiff alleges defendant Thomas maintained control over the property, instructing his mother, defendant Ripka, to encumber it with a mortgage and to give the proceeds of that mortgage to him. Defendant Thomas maintains he did not retain possession of the property and that defendant Ripka encumbered the property with two mortgages to pay off her vehicle loan and to pay him for the value of the property through monthly amounts that went towards his support. Plaintiff did not present sufficient evidence to prove clearly and convincingly that defendant Thomas maintained control over the property. Defendant Ripka testified that she obtained the mortgages of her own free will, and was not instructed to do so by defendant Thomas.

The third factor considers whether the transfer was disclosed and not concealed. Plaintiff alleges the transfer was done covertly between defendant Thomas and defendant Ripka. Defendants Thomas and Ripka maintain the deed was promptly recorded and publicly available.

The evidence shows no effort was made to conceal the transfer. Plaintiff's president, James S. Bostwick, testified that he was never told about the existence of the Harvest Run Road property and that his lawyers found it through an internet search. This failure by defendant Thomas to inform plaintiff of the existence of the property does not amount to concealment.

The fourth factor considers whether plaintiff had sued or threatened to sue defendant Thomas before the transfer was made. Defendants do not dispute that plaintiff had filed suit against defendant Thomas in California prior to the transfer. Defendant Ripka testified that she did not know about the suit against defendant Thomas prior to the transfer.

The fifth factor considers whether the transfer was of substantially all of the debtor's assets. Plaintiff alleges it was. Defendants maintain defendant Thomas had other assets, including real property located in Novato, California. Evidence presented at the trial showed that defendant Thomas did have significant other assets in California, and that the Harvest Run Road property was a minority of his assets.

The sixth factor considers whether the debtor absconded. Defendants maintain defendant Thomas remained in the Betty Ford Clinic, where he continued to undergo treatment. Defendant Thomas argued being in a treatment facility is not absconding. The court agrees that defendant Thomas did not abscond.

The seventh factor considers whether the debtor removed or concealed any assets. Plaintiff alleges the

transfer of the property from defendant Thomas to defendant Ripka was intended to conceal the property from plaintiff and to remove it beyond plaintiff's reach in seeking to enforce its judgment. Defendants maintain the property was deeded to defendant Thomas' mother and that plaintiff was already aware of the existence of the property. The court determines plaintiff was not aware of the property at the time of the conveyance. The court further determines defendant Thomas did not convey the property to defendant Ripka to conceal the asset, but because he intended for his mother to have the property from his initial purchase.

The eighth factor considers whether the value of the consideration received by the debtor was reasonably equivalent to the value of the property. Plaintiff alleges the property is valued at between $200,000 and $300,000 and that defendant Ripka only promised to pay $1 and consideration of natural love and affection. Defendants maintain the property is properly valued at $185,000. Defendant Ripka took out two mortgages totaling $85,300.50 and paid approximately $80,000 of the mortgage proceeds to defendant Thomas. Defendant Thomas argues that $80,000 is reasonably equivalent to $185,000, especially when considered in the context of an intrafamilial transfer of property. Defendants furthermore maintain that defendant Ripka will repay to the mortgagor, PNC, $158,525.80 over the life of the loans.

The court determines it does not need to set a precise value for the property. Plaintiff obtained his value from PNC's assessment of the property as having a market value of $270,000 at the time of the first loan in 2006.

The court finds this figure to be unreliable in light of the current economic crisis. In 2006, banks and lending institutions were in the midst of a lending frenzy, with property values in many cases overstated to facilitate large loans that could be packaged and sold to investors. The court considers any market value information from a banking or lending institution—absent other corroborating evidence—to be inherently suspect. The court determines defendant Ripka's estimate that the property is worth $185,000 to be closer to the actual value.

Defendants concede that the ninth and tenth factors have been met as defendant Thomas was insolvent at the time of the transfer and as the transfer occurred shortly after plaintiff had filed suit against defendant Thomas in California.

The eleventh factor is inapplicable to the facts of the case.

The court determines defendant Ripka did not know about defendant Thomas' embezzlement or plaintiff's lawsuit at the time of the transfer and the first mortgage. Defendant Ripka paid $80,000 to defendant Thomas out of the proceeds of the mortgage, amounting to nearly half of the $185,000 at which defendant Ripka estimated the property to be valued. This amount would be suspicious but for the nature of the sale as an intrafamilial transfer, which will often occur for far less than market value. Defendant Ripka has lived in, maintained, and improved the property at her sole expense since its purchase in 2000. The court therefore determines there was no fraud, actual or constructive, in the conveyance of the property to defendant Ripka.

Accordingly, the following is entered:

## VERDICT AND ORDER

And now, November 12, 2009, following a non-jury trial held in the above captioned case, upon consideration of the evidence submitted at that trial, plaintiff James S. Bostwick P.C.'s complaint is denied. Verdict is entered in favor of defendant Richard Todd Thomas; defendant Connie J. Ripka; PNC Bank, National Association; and unknown residents 1-10, inclusive.